JOHN H. McGILL, Respondent, *v.* ESTHER B. McGILL,
Appellant.

Fourth Department, July 3, 1917.

**Husband and wife — annulment of marriage — fraud based upon
concealment by defendant that she was an epileptic — evidence —
voluntary cohabitation precluding annulment — waiver of allega-
tions of force and duress.**

Where, in an action for the annulment of a marriage upon the ground of
force, duress and fraud based upon the fact that at the time of such
marriage defendant was an epileptic and that she concealed such infirmity
from the plaintiff, and upon the claim that the defendant threatened to
kill the plaintiff unless he married her, it appears that the parties volun-
tarily cohabited subsequent to the marriage, the alleged force and duress
must be deemed to have been waived.

A finding in such an action that the plaintiff was induced to marry the
defendant through deception, concealment or misrepresentation on
defendant's part, *held*, to be against the weight of the evidence, and
moreover, as it is conclusively shown that plaintiff voluntarily cohabited
with defendant as his wife, with full knowledge of the facts constituting
the alleged fraud upon him, he is precluded from obtaining an annulment
upon that ground.

APPEAL by the defendant, Esther B. McGill, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Onondaga on the
29th day of March, 1917, upon the decision of the court after
a trial at the Onondaga Special Term.

The judgment annulled a marriage of the parties because of
defendant's alleged fraud in concealing from plaintiff the
fact that at the time of the marriage she was suffering from
epilepsy.

*Albert C. Jordan*, for the appellant.

*L. T. Fetzer* [*William F. Canough* of counsel], for the
respondent.

MERRELL, J.:

The plaintiff and defendant were married at Syracuse,
N. Y., March 9, 1912. They lived together as husband and
wife until April 5, 1913, when they separated. At the time
the marriage relations of the parties were severed, defendant

was suffering from epilepsy, and then became an inmate of the Craig Colony for Epileptics at Sonyea, N. Y. Following the separation, plaintiff brought this action to annul the marriage, alleging that the same was procured by force, duress and fraud exercised and perpetrated by defendant upon plaintiff whereby plaintiff was forced and induced to enter into the marriage contract with defendant. Plaintiff alleged that defendant threatened to kill plaintiff and herself unless plaintiff would marry her. The alleged fraud was based upon the fact that at the time of such marriage defendant was an epileptic and that she concealed such infirmity from plaintiff. Defendant denied the exercise of any force and denied any fraud upon plaintiff. In view of the voluntary cohabitation of the parties subsequent to marriage, the allegations of force and duress must be deemed to have been waived, and plaintiff must recover, if at all, upon the claim that the marriage was procured through fraud. (Code Civ. Proc. § 1750.)

An examination of the evidence leads us to the conclusion that the finding of the learned trial court that plaintiff was induced to marry defendant through deception, concealment or misrepresentation on defendant's part is against the weight of the evidence.

Several days prior to the marriage plaintiff had been informed by a letter from an acquaintance of defendant that the latter was ill, and that the physician who attended her had diagnosed her ailment as epilepsy. Plaintiff then resided in New York city, and at once repaired to the city of Syracuse, where his *fiancée*, the defendant, then resided, and acquainted her of the information which he had received as to the nature of her illness. Defendant disclaimed any knowledge that she was an epileptic and invited the fullest inquiry to ascertain if in fact she was suffering from that disease. Plaintiff bases his allegation of fraud upon the claim that defendant then knew she was an epileptic and fraudulently concealed the same from plaintiff and misled him into believing she did not suffer from that disease and into marrying her. An examination of the evidence leads us to disbelieve that any advantage was taken of plaintiff by defendant. Her apparent frankness and willingness to aid plaintiff in conducting an

examination into her physical condition belies any claim of fraud on her part. That she was entirely ignorant of the nature of her illness seems from the evidence entirely clear. Plaintiff was put upon inquiry and at defendant's suggestion conducted an investigation as to her condition. Another physician was consulted who ultimately gave as his opinion that defendant was not suffering from epilepsy. The claim that this physician conspired to deceive plaintiff finds little support in the evidence beyond the bald assertion of plaintiff. Defendant was apparently entirely fair with plaintiff and afforded him every opportunity and assistance to discover the nature of her ailment. While he had been informed that defendant was an epileptic and had thus been put upon inquiry with reference thereto, plaintiff admitted upon the trial that his investigation, and the opinion of the physician whose advice the parties sought, convinced him that she was not suffering from epilepsy. Defendant apparently concealed nothing from her prospective husband. We can discover no convincing evidence that defendant had been informed or knew prior to her marriage that she was a victim of epilepsy. We are, therefore, of the opinion that the finding of the learned trial court that plaintiff was induced to marry defendant through any deception or misrepresentation on her part was clearly contrary to and against the weight of the evidence.

The Legislature has not prescribed epilepsy as a ground for annulment of marriage, and so far as we know the courts of this State have never recognized that disease as cause for nullifying the marriage contract. That the defendant should suffer from a perhaps incurable malady, resulting in a severance of this marriage relations of the parties is unfortunate. But the misfortune is not alone that of plaintiff. Doubly unfortunate is the lot of the defendant, who, though herself innocent of fault, must go through life a victim of a terrible malady and in constant dread of recurring seizures of the approach of which she has no warning, necessitating her virtual imprisonment apart from those to whom she is bound by ties of family and friendship. That she should be forsaken in her distress by one in whose keeping she has confided all that she has and who by the dictates of humanity should of all others sustain her in her suffering, cannot but add to the terrible

burden under which she must struggle until a merciful death shall relieve her. That the great misfortune of this defendant should be invoked to relieve plaintiff from obligations which he should discharge with cheerfulness and affection for his afflicted wife, does not appeal to our sense of human justice.

Soon after the marriage of the parties it was found that defendant was in fact epileptic. The knowledge of such fact came to plaintiff within a very few weeks after marriage. During her repeated seizures, becoming more frequent and severe as time passed, plaintiff personally attended her, administering such remedies as were prescribed for her relief, and otherwise ministered to her. With her he consulted physicians and specialists and was fully informed that his wife was suffering from epilepsy. With full knowledge of her trouble, plaintiff lived and cohabited with defendant as husband and wife. With the exception of the periods of seizure, plaintiff admits defendant was a very pleasant, remarkably affectionate wife. As the result of such marital relations, with full knowledge of plaintiff of his wife's condition, defendant became pregnant. At the instance of plaintiff, who professed not to desire children, an abortion was committed upon defendant in December, 1912. Plaintiff claims then for the first to have discovered the deception which he alleges was practiced upon him, although he had had full knowledge of the repeated epileptic seizures which she had suffered during the preceding months of their married life, and was fully advised of the nature of her trouble. Plaintiff further testifies that immediately upon discovery of the fraud and of defendant's guilt in concealing from him at marriage her true condition, all sexual intercourse ceased. The fact that plaintiff testifies that aside from the periods of epileptic seizure defendant was a very pleasant, remarkably affectionate wife, and his admission that from the alleged discovery of his wife's duplicity on December 11, 1912, until April 5, 1913, when she was taken to the State colony for epileptics at Sonyea, he occupied the same bed with her, would seem to discredit his assertion that they at once ceased to live and cohabit as husband and wife upon such discovery in December, 1912. In our opinion the evidence conclusively shows that plaintiff voluntarily cohabited with defendant as his wife

with full knowledge of the facts constituting the alleged fraud upon him. Such voluntary cohabitation precludes any annulment of the marriage by reason of the alleged fraud. (Code Civ. Proc. § 1750.)

For the reasons above suggested, the judgment should be reversed and the complaint dismissed, with costs.

All concurred.

Ordered, that the judgment so appealed from be, and the same hereby is, reversed, upon questions of law and fact, and this court hereby disapproves the findings of fact contained in the decision and numbered respectively as follows, viz.: 4, 5, 6, 7, 8, 9, 10, 12, 13, 16, 17, 18, 23, 24, 25, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49 and 52; and all of the conclusions of law contained in said decision are hereby stricken out; this court finds that plaintiff has failed to prove by satisfactory evidence the facts set forth in said findings; it is further ordered that judgment be, and the same hereby is, directed in favor of the defendant, dismissing the complaint, with costs, including the costs of this appeal.