ABRAHAM LAPIDES, Appellant, v. ROSE H. LAPIDES, Respondent.

Second Department, June 28, 1928.

*Guernsey Price* [*Jacob I. Horowitz, Louis Sanders* and *Benjamin F. Fanger* with him on the brief], for the appellant.

*Henry Simon,* for the respondent.

KAPPER, J.   The cause of action is for annulment of marriage upon the ground of fraud, the amended complaint, held insufficient, after alleging the marriage of the parties in Brooklyn on June 27, 1926, and that there is no " living issue," proceeding to say that prior to and ever since the marriage the defendant wife was incapable of entering into the marriage state as cohabitation " is dangerous to the health of the defendant, with possible fatal results to her and is seriously dangerous to the health of the plaintiff by reason of the defendant's condition; " then alleging that consummation of the marriage " has proved to be dangerous and improper " because defendant is a sufferer " from epileptic fits," and that " continued cohabitation between plaintiff and defendant is unsafe and improper by reason of defendant's suffering from said disease."   The complaint further alleges that " such incapacity of defendant is incurable," and that it was known to the defendant at the time of the marriage but was unknown to the plaintiff, and that " the defendant fraudulently concealed knowledge of said condition from the plaintiff."   Plaintiff further alleges that he has not cohabited with the defendant " since knowledge of the nature of defendant's physical incapacity became known to him."

The answer is a general denial; and it is followed by a separate defense to the effect that since the marriage on June 27, 1926, the parties cohabited until April 5, 1927, and that on February 26, 1927, a child of the marriage was born who lived twenty-six days " and died from natural causes at the end of said period."

The learned Special Term relied upon *McGill* v. *McGill* (179 App. Div. 343; affd., without opinion, 226 N. Y. 673) and *Elser* v. *Elser* (160 N. Y. Supp. 724).

The *McGill* case, decided July, 1917, turned entirely, in my opinion, upon the question of the weight of the evidence as to fraudulent deception which induced the marriage.   There was evidence that showed plaintiff there was informed of defendant's epilepsy before the marriage.   Upon plaintiff at that time taxing the defendant with this accusation, the latter disclaimed any knowledge of her epilepsy and invited inquiry, whereupon medical advice was sought and the plaintiff admitted upon the trial that his investigation, plus the " opinion of the physician whose advice

the parties sought, convinced him that she was not suffering from epilepsy," the conclusion then being reached by the court that the defendant " apparently concealed nothing from her prospective husband." There is also the finding, as per opinion, that " the evidence conclusively shows that plaintiff voluntarily cohabited with defendant as his wife with full knowledge of the facts." The reversal, upon the law and the facts, carried new findings, and it was this judgment of reversal that the Court of Appeals affirmed without opinion. It was remarked by the learned justice who wrote (p. 345) that the Legislature had not prescribed epilepsy as a ground for annulling a marriage, but this non-prescription does not reach the basis upon which the complaint at bar is framed, namely, fraudulent concealment of a material fact.

*Elser* v. *Elser* (*supra*) was decided by the Bronx Special Term in August, 1916. The court held that, " as to the charge of fraud, I find there was none." That comment had to do with the facts and thus, in my opinion, differentiates the cases, although the epilepsy was complained of and charged to have been concealed.

In *Svenson* v. *Svenson* (178 N. Y. 54) the Court of Appeals held an annulment justified where one of the parties was afflicted with a chronic, contagious and hereditary venereal disease (a fact known to the afflicted party) even under the assumption that at the time of the commencement of the annulment action there was a practical recovery from the affliction.

In *Sobol* v. *Sobol* (88 Misc. 277) an annulment followed where defendant was afflicted with tuberculosis which he concealed from plaintiff.

Recently this court in *Tenzer* v. *Tenzer* (223 App. Div. 787) reversed a dismissal of the complaint in an annulment action where the defendant wife was suffering from syphilis.

Whether epilepsy is transmissible to offspring may be a subject of proof, but whether proven or not the complaint suffices to show that defendant is suffering from a malady rendering cohabitation dangerous to both parties, such condition being known to the defendant but willfully concealed by her from the plaintiff. " The free and full consent, which is of the essence of all ordinary contracts, is expressly made by the statute necessary to the validity of the marriage contract. The minds of the parties must meet in one intention. It is a general rule that every misrepresentation of a material fact, made with the intention to induce another to enter into an agreement and without which he would not have done so, justifies the court in vacating the agreement. It is obvious that no one would obligate himself by a contract, if he knew that a material representation, entering into the reason for his consent,

was untrue. There is no valid reason for excepting the marriage contract from the general rule." (*di Lorenzo* v. *di Lorenzo*, 174 N. Y. 467, 472.)

I think a cause of action was stated, and advise that the order be reversed upon the law, without costs, and that the motion be denied, without costs.

LAZANSKY, P. J., HAGARTY, SEEGER and SCUDDER, JJ., concur.

Order granting motion to dismiss complaint reversed upon the law, without costs, and motion denied, without costs.