MATILDA D. WEILL, Plaintiff, *v.* LEO WEILL, Defendant.

(Supreme Court, New York Special Term, October, 1918.)

**Marriage — when annulled on ground of fraud — contracts — husband and wife.**

> If a man's previous marriage and annulment thereof is a fact material to a marriage contract with another, it is his duty to make a full and free disclosure of his previous status.

> Where a wife upon her discovery, only a few hours after her marriage, that her husband had been previously married, without having cohabited with him returns to her own home and has since resided there, her marriage will be annulled upon the ground of fraud.

ACTION for the annulment of a marriage.

Nathan I. Sachs, for plaintiff.

McAvoy, J. The canonist in the ecclesiastical courts was averse to a decree of annulment of marriage upon any grounds of fraud or " *error,*" as it was known in the courts spiritual, excepting it was of such nature as reached the essence of the consent of the parties. This was denominated " *error substantialis.*" Such incidental mistake or fraud in the inception of the marriage relation, whether occurring through representation or suppression of facts, was called " *error accidentalis* " or immaterial .fraud, not striking at the capacity of the party to make the contract nor his ability to perform its duties, nor involving the essence of the consent of the espoused. The common law of marriage and the chancery rules, apart from statute respecting its annulment, have not modified this doctrine to any great extent, but in practice and modern acceptance of grounds for annulment the matters involving the essence of the consent to the marital pact have been widened in construction to include suppressions, evasions, representations of previous condition of health, status, and even of wealth to an extent which was unknown to any system of jurisprudence based on Roman law, whence most of the rules of civil marriage are derived. The rule now seems to be that if the fraud be such that had it not been practiced the contract would not have been made, or the transaction of marriage completed, then it is material (*error substantialis*); but if it be shown or made probable that the same thing would have been done by the same parties in the same way if the fraud had not been practiced, it cannot be deemed material (*error accidentalis*). *Canham* v. *Barry,* 15 C. B. 597. If one would go so far as to say that a woman would or would not be led to give or withhold her consent to a marriage on the single consideration that the man was or was not married to another woman, and such

former marriage annulled, then the suppression or concealment of such former status can furnish ground for the annulment of marriage for fraud because as matter of law it can be material upon the question of consent, which is essential to the contract of marriage. I think this suppression does afford a right to an annulment, especially in those instances where no consummation of the marriage has taken place and the disturbing of the present status is not affected by those grounds of common policy which are actuating in the event of a consummated marriage. This plaintiff discovered the previous status of her husband but a few hours after the ceremony, and thereupon, without ever having cohabited with him, returned to her own home and has since resided there. The relations of the parties antecedent to the marriage contract are relations of trust and confidence, and when such relations exist it is not enough to keep silence with regard to the facts material to the contract about to be made or to make no false statement respecting the same. The affirmative duty exists of making a full and complete disclosure if the contract is to be sustained. If previous marriage and an annulment thereof is a fact material to the marriage contract, then it is not enough that the party about to enter that contract should refrain from making a false affirmation with regard to it; the duty is imposed of making a full and free disclosure of his previous status in life. A decree of annulment will be made.

Ordered accordingly.