FLORENCE BOOTH TRUIANO, Plaintiff, *v.* JAMES TRUIANO, Defendant.

Supreme Court, Warren Special Term, November, 1923.

Husband and wife — action to annul marriage on ground of fraud — plaintiff entitled to judgment annulling marriage within Civil Practice Act, section 1139, where representations of defendant regarding his citizenship induced plaintiff to consent to marriage and where upon discovering defendant was not a citizen of the United States she ceased to live or cohabit with him.

Parties antecedent to their marriage sustain to each other relations of trust and confidence and a false representation as to a fact material to the contract cannot be tolerated.

Upon the trial of an action to annul, on the ground of fraud, a marriage of which there is no issue, it was established that defendant prior to the marriage represented to plaintiff, then an American citizen, and to her family, that he was a citizen of the United States.　Immediately upon discovering, more than two years after the marriage, that such was not the fact, plaintiff ceased to live or cohabit with defendant and testified that the representations of defendant regarding his citizenship induced her to consent to the marriage and that if she had not believed them, the marriage would not have taken place.　*Held,* that the case was within section 1139 of the Civil Practice Act and that plaintiff was entitled to a judgment annulling the marriage.

ACTION for annulment of marriage.

*Chambers & Finn,* for plaintiff.

ANGELL, J.　Plaintiff asks in this action the annulment of her marriage to defendant, which took place November 17, 1919, upon the ground of fraud, in that defendant prior to the marriage represented to the plaintiff that he was a citizen of the United States, whereas in fact he was not.　Plaintiff, prior to her marriage to defendant, was an American citizen.　The evidence produced satisfactorily established that defendant prior to the marriage represented to plaintiff and her family that he was a citizen, and that plaintiff did not discover the contrary to be true until the spring of 1922, when she endeavored to have defendant register to vote at a municipal election about to be held in the city of Glens Falls.　Then defendant admitted that he was not a citizen of the United States and stated that he did not intend to become one.

Immediately upon discovering that defendant was not a citizen, plaintiff ceased to live or cohabit with him, and has never done so since. There is no issue of the marriage.

Plaintiff testified that she would not have married defendant if she had not believed his representations regarding his citizenship to be true, and that such representations induced her to consent to the marriage. Plaintiff was at the time of her marriage, and had been for some years prior thereto, a school teacher with a license to teach in this state. The Education Law, section 550, provides that no person shall be employed or authorized to teach in the public schools of this state who is not a citizen. Plaintiff continued to teach after her marriage. This fact is of strong probative value upon the question of her reliance, in entering the marriage state, upon the representations made by defendant regarding his citizenship.

A Federal statute in force at the time of the marriage provided that an American woman marrying a foreigner shall take the nationality of her husband. Barnes Fed. Code, § 3402; 34 U. S. Stat. at Large, 1228, chap. 2534, § 3. Under that statute plaintiff, though an American citizen prior to her marriage, could not resume that citizenship while the marriage relation continued. *United States* v. *Cohen*, 179 Fed. Rep. 834. Since the time plaintiff separated from defendant Federal statutes have been enacted relieving married women from the loss of citizenship because of marriage to a foreigner. Thus, the Married Women's Citizenship Act of 1922 (42 U. S. Stat. at Large, 1021, chap. 411), in effect September 22, 1922 (42 U. S. Stat. at Large, 1022, § 3; Barnes Fed. Code, 1923 Supp. p. 223, § 3401), provides that after the passage of that act a female citizen shall not cease to be such by reason of her marriage to a foreigner. Still further relief is given by the same act of Congress in effect the same date (42 U. S. Stat. at Large, 1022, § 4; Barnes Fed. Code, 1923 Supp. p. 244, § 3742a), which provides that a woman who has lost her citizenship because of marriage to a foreigner may be naturalized.

These subsequent enactments, however, cannot relieve defendant of the fraud, or cause denial to the plaintiff of the relief which she asks, if, in fact, the fraud was of such a nature as to entitle her to annulment of the marriage. That the fraud was of such a nature seems clear. The plaintiff was an American citizen. It is easy to conceive that she would not surrender her citizenship by marriage to a foreigner who was not a citizen. Not only may she well have had proper pride in her citizenship, but citizenship was necessary to the pursuit of her profession, which she had followed prior to her marriage and which she continued to follow for some time

subsequent thereto, under the mistaken belief that she was still a citizen. It cannot be that a foreigner may thus fraudulently effect the expatriation of an American citizen. A fraud perpetrated in contracting a marriage which results in such expatriation, certainly goes to the essence of the marriage contract.

It is sufficient if the fraud be such that, had it not been practiced, the marriage contract would not have been made, or the transaction of marriage completed. *Weill* v. *Weill*, 104 Misc. Rep. 561. The relations of the parties antecedent to the marriage contract are relations of trust and confidence, and a false representation respecting a fact material to the contract cannot be tolerated. Plaintiff has brought herself within section 1139 of the Civil Practice Act, which provides for the annulment of a marriage when the consent of one of the parties thereto is obtained by fraud, where the parties have not voluntarily cohabited as husband and wife with a full knowledge of the facts constituting the fraud.

Judgment for plaintiff annulling the marriage.

Judgment accordingly.