MARTHA O'CONNELL, Appellant, *v.* FRANK O'CONNELL, Respondent.

First Department, May 19, 1922.

**Husband and wife — annulment of marriage — action based on fraud — willful misrepresentation by husband that he was of good personal habits and did not use drugs, narcotics or stimulants, believed and relied on by wife, sufficient ground for annulling marriage.**

It was improper for the trial court to refuse to grant to the plaintiff a judgment annulling her marriage with the defendant, where the court found on competent evidence that the defendant, for the purpose of inducing plaintiff to enter into the marriage, falsely represented to her that he was of good personal habits, and specifically represented that he was not addicted to the use of any drugs, narcotics or stimulants, and the court found that the plaintiff relying upon said statements and believing them to be true, contracted marriage with the defendant and cohabited with him for a period of about eleven months; that said statements made by the defendant were wholly false and untrue when made and were known by the defendant to be false and untrue, and were made with the intent to deceive and defraud the plaintiff and to induce her to marry the defendant, and that since the discovery by the plaintiff of said fraud practiced upon her, she has not voluntarily or otherwise cohabited with the defendant.

APPEAL by the plaintiff, Martha O'Connell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of April, 1922, upon the decision of the court rendered after a trial at the New York Special Term.

*Maurice Brandt* of counsel [*George Cohen* with him on the brief], for the appellant.

No appearance for the respondent.

MERRELL, J.:

This action is brought by the plaintiff to obtain a judgment declaring her marriage with the defendant null and void by reason of fraud alleged to have been practiced upon her by the defendant and as the result of which fraud the plaintiff was induced to marry the defendant. In her complaint the plaintiff also asks the decree of the court that May O'Connell, the infant child of the parties, be declared the legitimate child of the plaintiff herein.

The fraud of which the plaintiff complains consisted in defendant's representation to her, prior to the marriage of the parties, that he was not addicted to the use of drugs or narcotics, and upon the faith of which the plaintiff was induced to marry the defendant.

The parties were married on May 1, 1917, at the city of New York, and thereafter lived and cohabitated together as husband and wife for a little less than a year. One child, May O'Connell,

was born of the marriage and at the time of the trial was two years of age. The summons was served upon the defendant by publication, and there has been no appearance in the action by or on behalf of said defendant. The proofs were presented to the court upon defendant's default in appearing or answering herein, and upon such proofs the court found as facts: That the plaintiff and the defendant were married at the city of New York on said 1st day of May, 1917; that at the time of such marriage the plaintiff was and ever since has been a resident of the State of New York; that prior to the 1st day of May, 1917, the defendant, for the purpose of inducing the plaintiff to contract marriage with him, represented to the plaintiff that he was a man of good personal habits, and particularly and specifically represented to the plaintiff that he was not addicted to the use of any drugs, narcotics or stimulants; that the plaintiff, relying upon said statements and believing them to be true, contracted marriage with the defendant at the time and place aforesaid and cohabited with the defendant for a period of about eleven months; that the said statements made by the defendant as to the condition of his health and his freedom from bad habits aforementioned were wholly false and untrue when made, and were known by the defendant to be false and untrue, and were made with the intent to deceive and defraud this plaintiff and to induce her to marry the defendant; that the defendant, for a considerable time prior to his marriage to the plaintiff, was not a man of good habits, but particularly and specifically was addicted to the use of narcotics called heroin and cocaine, which the defendant repeatedly and continuously used by means of inhalation and hypodermic injections, and that the defendant was on several occasions prior to his marriage placed in various institutions for the purpose of attempting to effect a cure of said habits, which cures were unsuccessful; and that the said defendant was still possessed of said bad habits at the time of his marriage; and that subsequent thereto he was dishonorably discharged from the United States army by reason of his repeated use of heroin, one of said narcotic drugs aforementioned; that since the discovery by the plaintiff of said fraud practiced upon her, she has not voluntarily or otherwise cohabited with the defendant; that there is one child of the marriage, May O'Connell, two years of age.

The facts as thus found by the court were fully sustained by the proofs presented upon the trial. Notwithstanding the facts as thus found, the learned trial court refused to grant the plaintiff judgment annulling her marriage with the defendant. We think the trial court erred in thus denying the plaintiff the relief which she sought, and to which we think she was entitled upon the proofs

presented. While our attention is not directed to any case directly in point, where marriage has been annulled by reason of a like fraud perpetrated upon the complaining party, still we see no reason why the broad provisions of the statute authorizing the annulment of a marriage contracted as the result of the perpetration of fraud should not apply to the facts presented in the case at bar. This action was brought and the proofs presented to the court prior to the time the Civil Practice Act became effective. Section 1750 of the Code of Civil Procedure, then in force, provided that an action to annul a marriage, on the ground that the consent of one of the parties thereto was obtained by fraud, might be maintained at any time by the party whose consent was so obtained. Said section further provided that the marriage should not be annulled on the ground of fraud, if it appeared that at any time before the commencement of the action the parties voluntarily cohabited as husband and wife with full knowledge of the facts constituting the fraud. As before stated, the trial court found upon the evidence presented that, since the discovery by the plaintiff of the fraud perpetrated upon her by the defendant, she has not voluntarily or otherwise cohabited with the defendant.

The leading case with reference to the annulment of a marriage for fraud is that of *Di Lorenzo* v. *Di Lorenzo* (174 N. Y. 467). In that case Judge GRAY, writing for a unanimous court, said (at p. 472): " It is a general rule that every misrepresentation of a material fact made with the intention to induce another to enter into an agreement and without which he would not have done so, justifies the court in vacating the agreement. It is obvious that no one would obligate himself by a contract, if he knew that a material representation, entering into the reason for his consent, was untrue. There is no valid reason for excepting the marriage contract from the general rule."

In that case the representation of the defendant was as to a fact, except for the truth of which the necessary consent of the plaintiff would not have been obtained to the marriage. And at page 473 the court said: " The plaintiff had a right to rely upon the defendant's statement of a fact, the truth of which was known to her and unknown to him, and he was under no obligation to verify a statement, to the truth of which she had pledged herself. It was a gross fraud and, upon reason, as upon authority, I think it afforded a sufficient ground for a decree annulling the marriage contract. The jurisdiction of a court of equity to annul a marriage, for fraud in obtaining it, was early asserted in this State by the Court of Chancery, at a time when the limited powers of courts of law were inadequate for the purpose. This jurisdiction was expressly

rested upon the general power to vacate contracts in all cases, where they had been procured by fraud. From this general jurisdiction of equity a contract of marriage was not regarded as being excepted, when the assent to it was the result of artifice, or of gross fraud."

And at page 474 Judge Gray says: " Our attention has been called to cases in the courts of this State and of other States, which seem to hold a different doctrine upon the subject of the judicial annulment of a marriage contract. Whatever may be said in explanation, or in differentiation, I think it is sufficient that we rely upon the plain provision of our statute and upon the application to the case of a contract of marriage of those salutary and fundamental rules, which are applicable to contracts generally when determining their validity. If the plaintiff proves to the satisfaction of the court that, through misrepresentation of some fact, which was an essential element in the giving of his consent to the contract of marriage, and which was of such a nature as to deceive an ordinarily prudent person, he has been victimized, the court is empowered to annul the marriage."

In *Svenson* v. *Svenson* (178 N. Y. 54) the Court of Appeals held that equity would annul a marriage upon the ground of fraud, where one of the parties at the time of its celebration was afflicted with a chronic, contagious and hereditary venereal disease, which fact was known to and concealed by him, and from which he had practically recovered at the time of the application for its annulment. In the case at bar there is more than mere concealment of the fact that the defendant was a drug addict. The testimony presented to the trial court, and upon which the trial court found the fact to be, showed that for the purpose of inducing the plaintiff to marry the defendant, the defendant falsely and fraudulently represented to her that he was not addicted to the use of any drugs, narcotics or stimulants, and that the plaintiff relied upon and believed said statements of the defendant and, believing them to be true, contracted marriage with the said defendant. The evidence of the plaintiff is to the effect that, had she known that the defendant was addicted to the use of any drug or narcotic, she would not have married him. In *Di Lorenzo* v. *Di Lorenzo* (*supra*) the Court of Appeals said (at p. 472): " While, then, it is true that marriage contracts are based upon considerations peculiar to themselves and that public policy is concerned with the regulation of the family relation, nevertheless, our law considers marriage in no other light than as a civil contract. (*Kujek* v. *Goldman*, 150 N. Y. 176.) The free and full consent, which is of the essence of all ordinary contracts, is expressly made by the

statute necessary to the validity of the marriage contract. The minds of the parties must meet in one intention."

The Court of Appeals said further (at p. 471), after quoting from and stating the Code provisions with reference to the annulment of marriages: " This language is broad and warrants but the one reasonable construction, that the fraud must be material, to that degree that, had it not been practiced, the party deceived would not have consented to the marriage."

In *Domschke* v. *Domschke* (138 App. Div. 454) the Appellate Division, Second Department, held that a marriage, although consummated, will be annulled for fraud where the woman on inquiry of her intended husband stated that she had been the wife of a man then deceased, and that he was the father of her child, when in truth she had been his mistress and the child was a bastard, if the plaintiff did not cohabit with her after the discovery of the fraud, and this although such misrepresentation did not go to the *essentialia* of the marriage contract, as prior chastity is not a necessary qualification for marriage, but chastity, if insisted upon, may be made an essential qualification. It was further held in *Domschke* v. *Domschke* (*supra*) that such misrepresentation may be ground for an annulment of the marriage for fraud, because as matter of law, it may be material upon the question of consent, which is essential to the contract of marriage. After collecting authorities in support of the decision of the court in that case, Mr. Justice JENKS sums up the whole matter thus: " Nor can we give a better rule for deciding the question than this: if the fraud be such that, had it not been practiced, the contract would not have been made, or the transaction completed; then it is material to it; but if it be shown or made probable that the same thing would have been done by the parties, in the same way, if the fraud had not been practiced, it cannot be deemed material."

The plaintiff testified that she would not have entered into the marriage contract with the defendant had she known that he was addicted to the use of narcotics, and the court has found the fact to be that by reason of these representations the plaintiff was induced to marry him.

A recent decision in this court supports the contention of the appellant herein, and we think requires a reversal of the judgment appealed from and the granting to plaintiff of the decree which she seeks. In *Harris* v. *Harris* (201 App. Div. 880) the action was brought to obtain an annulment of the marriage upon the ground of fraud, it being claimed by the plaintiff that the defendant was an ex-convict and a man of bad character, and that she did not know such fact at the time of the marriage. The plaintiff testified that she

had known the defendant about two months before the marriage, and the defendant represented to her that he was a commission broker. Plaintiff offered in evidence the records of the Court of Special Sessions disclosing that the defendant had been convicted of crimes on seven different occasions, each of said crimes being of grand larceny, with the exception of one where the defendant was convicted of an attempt to commit the crime of grand larceny. It also appeared that the defendant had spent much of his time for the last fifteen years prior to his marriage in prison. Notwithstanding these proofs the trial court refused to grant a decree of annulment. Upon appeal to this court the judgment of the trial court was reversed and a decree of annulment granted.

In the case at bar we think the proofs presented a much stronger case requiring the granting of the relief which the plaintiff seeks. Plaintiff was induced to enter into the contract of marriage with the defendant upon reliance upon his representations that he was a man of good habits and not addicted to the use of drugs or narcotics. The evidence shows beyond any question that these representations were false and untrue, and that, when made, the defendant was a physical wreck and a drug addict beyond the hope of reformation. The plaintiff testified and the court has found that such false and untruthful statements were made by the defendant to the plaintiff with intent to deceive and to defraud the plaintiff and to induce her to marry the defendant, and that, relying upon and believing said statements to be true, the plaintiff contracted said marriage. We see no reason why the court should not have granted the equitable relief which the plaintiff sought in this action and to which she was clearly entitled under the facts as found by the court. It would be a cruel injustice to compel the plaintiff to go through life bound by ties of marriage to a dope-fiend past all hope of redemption, where it so clearly appears that she was induced to contract such alliance by fraud and deceit.

The judgment dismissing the plaintiff's complaint should be reversed, with costs, and a decree should be granted annulling the marriage of the parties and decreeing that the infant child of the parties, May O'Connell, is the legitimate child of the plaintiff herein, with costs to the plaintiff against the defendant.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment reversed, with costs, and decree of annulment ordered as directed in opinion, with costs. Present order for settlement.