ADELE MINNER, Appellant, *v.* ROBERT L. MINNER, Respondent.

Action to annul marriage — practice — trial without appearance of defendant or defense by him — failure of trial judge to make findings of fact and conclusions of law as required by statute (Civ. Pr. Act, § 440) — erroneous dismissal of complaint without findings sustaining such decision — when erroneous rulings upon the evidence cannot be reviewed because exceptions fail to raise question properly.

1. Plaintiff brings this action for the annulment of her marriage with defendant on the ground of fraud, in that, for the purpose of inducing her to consent to said marriage, the defendant falsely and fraudulently represented to her that he was never married before and that he was of the same faith as the plaintiff. The defendant did not appear in or defend the action. At the close of the trial plaintiff submitted proposed findings of fact and a conclusion of law in accordance with the statute (Civ. Pr. Act, § 439). The justice who heard the evidence marked some of the findings as " found " and others as " refused " but made no decision, although the judgment recites that the court has filed its decision " containing a statement of the facts found and directing judgment." The trial judge should have made a decision embodying the facts which he has found and a conclusion of law, drawn from such facts, that the complaint be dismissed and that judgment should be entered accordingly (Civ. Pr. Act, § 440). His refusal to find in accordance with the statement of facts which plaintiff established by the evidence shows only that he did not consider such facts proved; it does not show that he found that the evidence established other facts contrary to those which

34

plaintiff deems established. His refusal of plaintiff's proposed conclusion of law, that "the plaintiff is entitled to an interlocutory judgment which should provide for the dissolution of the marriage of the parties," cannot be held to be equivalent to an affirmative statement of a conclusion, from facts not specifically found, that the complaint should be dismissed upon the merits and judgment entered accordingly. The judgment so entered must be reversed. The omission of a decision in the form required by the statute is not a mere technical defect; it presents an obstacle to the assertion by the plaintiff of her right to a dissolution of the marriage and to a review by this court of the errors on the trial.

2. The trial judge stated that the plaintiff's story, that she believed the defendant's misrepresentation that he was of the same faith as herself, was so improbable that he could not accept it and also stated in effect that he would not grant a decree of annulment on account of the defendant's fraudulent misrepresentation that he was not previously married, because since there was no proof that the first wife was still living it did not appear that the second marriage was not valid and consequently the misrepresentation might not be so material as to justify a dissolution. Though a ruling that the second misrepresentation afforded no ground for annulment might be held erroneous under the facts established by the evidence, the plaintiff's requests to find so commingled the two alleged misrepresentations that the exception to the refusal to find fails to raise this question properly, and there are no affirmative findings of fact or conclusions of law to which exception could be taken or which the court can review.

*Minner* v. *Minner*, 2C8 App. Div. 820, reversed.

(Submitted June 2, 1924; decided July 5, 1924.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 27, 1924, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

*Herman Hoffman* for appellant. The fraudulent misrepresentations by defendant that he had never been married prior to meeting the plaintiff and that he was of the same religious faith as she was, entitled plaintiff to an annulment of her marriage. (*Di Lorenzo* v. *Di*

*Lorenzo,* 174 N. Y. 472; *Rozsa* v. *Rozsa,* 117 Misc. Rep. 728; *Blank* v. *Blank,* 107 N. Y. 91; *Weill* v. *Weill,* 104 Misc. Rep. 561; *Smith* v. *Smith,* 184 N. Y. Supp. 135.)

No appearance for respondent.

LEHMAN, J.   The plaintiff has brought an action for the annulment of her marriage with the defendant on the ground of fraud.   She alleges in her complaint that " for the purpose of inducing the plaintiff to consent to said marriage the defendant falsely and fraudulently represented to her that he was never married before and that he was of the same faith as the plaintiff."   The defendant did not appear in or defend the action.   After trial judgment was entered dismissing the plaintiff's complaint on the merits, and that judgment has been affirmed by the Appellate Division by a divided court.

At the trial the plaintiff testified that she met the defendant while traveling by boat to Providence.   He told her that they were of the same religion and that he was going to Providence to take a ship from there to England.   He asked for her address and subsequently he called at her home in New York and asked her to marry him.   In answer to objections of her family " that a man who traveled on ships usually had a sweetheart in each port, or a wife," he said he " never had any love affair and never thought of matrimony before."   The parties were married on August 25, 1922, and there is no issue of such marriage.   The plaintiff further showed by documentary evidence that the defendant had married one Harriet Thompson at Glasgow in Scotland on December 2, 1920, and that no decree of divorce or dissolution was ever obtained in England or Scotland.   She also presented a formal statement of the defendant in which he admitted that he had deceived the plaintiff both as to his religion and earlier marriage.   He stated that he

had left his first wife and caused divorce proceedings to be instituted against her but that he does not know whether he ever received a decree of divorce. He claims that he suffers from lapse of memory due to shell shock and injuries received during the war.

The plaintiff apparently submitted proposed findings of fact and a conclusion of law in accordance with section 439 of the Civil Practice Act. The justice who heard the proofs marked with his initials some of the proposed findings as "found" and others as "refused," and the plaintiff has excepted to each refusal to find. Among the facts which the justice at Special Term has found are that the parties were lawfully married on August 25, 1922; "That for the purpose of inducing plaintiff to consent to such marriage the defendant falsely and fraudulently represented to her that he was never married before and that he was of the same faith as the plaintiff" and that these representations were untrue. Among the facts that he refused to find was that the plaintiff was induced by these misrepresentations to enter into the marriage. Except for these proposed findings, marked as indicated above, the justice at Special Term made no decision, though the judgment recites that the court has filed its decision "containing a statement of the facts found and directing judgment."

In the case of *Ventimiglia* v. *Eichner* (213 N. Y. 147, 151), this court laid down the rule that where no decision has been made upon which the judgment can rest "exact justice can be done only by remitting the case    *    *    * for formal decision as required by law." Section 440 of the Civil Practice Act, formerly section 1022 of the Code of Civil Procedure, provides that "the decision of the court upon the trial of the whole issues of fact must state separately the facts found and conclusions of law, and direct the judgment to be entered thereon, which decision when filed shall form part of the judgment roll." In accordance with that provision, before judgment was

entered the trial judge should have made a decision embodying the facts which he has found and a conclusion of law drawn from such facts that the complaint be dismissed and that judgment should be entered thereon. He has not done so. His refusal to find in accordance with plaintiff's " statement of the facts which plaintiff deems established by the evidence " (Civ. Prac. Act, § 439) shows only that he did not consider that these facts were established by the evidence. It does not show that the trial judge found that the evidence establishes other facts contrary to those which the plaintiff deems established, and the refusal of the plaintiff's proposed conclusion of law that " the plaintiff is entitled to an interlocutory judgment which shall provide for the dissolution of the marriage of the parties " can certainly not be regarded as equivalent to an affirmative statement of a conclusion, from facts not specifically found, that the complaint should be dismissed upon the merits, and that judgment should be entered accordingly. All that we have before us upon this appeal is an informal finding of certain facts in plaintiff's favor, and there is no decision stating a conclusion of law that the complaint should be dismissed upon the merits or any findings which might support such conclusion.

The omission of a decision in the form required by the statute is not in this case merely a technical defect. It presents an obstacle to the assertion by the plaintiff of her right to a dissolution of the marriage and to a review by this court of errors made at the trial. The trial judge stated that the plaintiff's story that she believed the defendant's misrepresentation that he was of the same faith as the plaintiff was so improbable that he could not accept it. Undoubtedly the trial judge intended to hold that the plaintiff was not deceived by the misrepresentation and did not rely on it. We are not disposed to say that such a finding if hereafter embodied in the formal decision would not be without

support in the evidence, and the misrepresentation, even if material, could certainly furnish no ground for a dissolution of the marriage if the plaintiff did not rely upon it. On the other hand, there cannot be any possible ground for holding that the plaintiff was not deceived by and did not rely upon the defendant's fraudulent representation that he was not previously married, and the trial justice never indicated any intention to make such a finding without evidence to support it. He stated in effect that he would not grant a decree of annulment for such misrepresentation because since there was no proof that the first wife was still living it did not appear that the second marriage was not valid and consequently the misrepresentation might not be so material as to justify a dissolution. Such a ruling would be erroneous and if subject to review here would require a reversal of the judgment. The rule that the presumption of the validity of a marriage is stronger than the presumption of the continuance of the existence of a former spouse which would render a second marriage invalid has no application in this case. The defendant married and left his earlier wife less than two years before his marriage to this plaintiff. There is nothing in the record to show any probability that the former wife had died during this time. Whether under the circumstances she may be presumed to be still alive and the plaintiff's marriage, therefore, void is not the question before us and we do not pass upon it. At best the validity of the plaintiff's marriage is open to doubt; she may be the defendant's wife, yet within two years of her marriage the defendant left another wife in a foreign country who if living is the defendant's sole lawful wife and there is no evidence that she is dead. No court could reasonably hold that a decent woman would be justified in marrying the defendant if she had known these facts, nor could the court reasonably hold that when thereafter these facts came to her knowledge she ought to continue to live with the

defendant as his wife, knowing that in fact she might be only his mistress. It was the defendant's misrepresentations falsely and fraudulently made which have brought the plaintiff into this position, and a fraudulent misrepresentation as to a fact which would render both the marriage and continued cohabitation thereunder improper is in our opinion clearly material. Yet upon this record we cannot reverse the judgment on this ground because the plaintiff's requests to find so commingled the two alleged misrepresentations that the exception to the refusal to find fails to raise this question properly, and there are no affirmative findings of fact or conclusions of law to which exception could be taken or which we can review.

For these reasons the judgments should be reversed and the case remitted to Special Term for decision. We cannot upon this record go further and direct in advance the nature of the decision to be made. We can only indicate our views for the guidance of the trial justice subject to review hereafter on proper exceptions.

The judgments should be reversed and case remitted to Special Term for decision, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., concurs in result.

Judgments reversed, etc.