MILDRED SCHULMAN, Appellant, v. ABE SCHULMAN, Respondent.— Judgment dismissing complaint in an annulment action predicated upon an alleged fraudulent representation of the defendant that he would participate in a religious ceremony after the performance of a civil ceremony, unanimously affirmed, without costs. Inasmuch as we are of opinion that the trial court was warranted in rejecting the testimony of the plaintiff that her cohabitation with the defendant was prior to the time that she knew that he did not intend to be married at a religious ceremony, it is unnecessary to determine whether or not the performance of a civil ceremony and subsequent cohabitation in reliance upon a promise to be married at a religious ceremony constituted a waiver of such a representation with respect to the status of the marriage itself. (*Shonfeld* v. *Shonfeld*, 260 N. Y. 477, 490.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

GEORGE SHERMAN, Respondent, v. PASQUALE BRUNO, Respondent, and J. CLARENCE DAVIES, INC., Appellant.— Action for damages for personal injuries alleged to have been sustained by the fall of an awning attached to a building owned by the defendant J. Clarence Davies, Inc., the store floor of which was occupied by the defendant Bruno, the latter having erected and maintained the awning in question. Amended judgment of the City Court of Yonkers, in so far as it is in favor of plaintiff and against defendant J. Clarence Davies, Inc., reversed on the law, with costs, and plaintiff's complaint dismissed, with costs. Amended judgment in so far as it is in favor of defendant Bruno and against the plaintiff, and against defendant J. Clarence Davies, Inc., dismissing the latter's cross-complaint, unanimously affirmed, without costs. The awning in question was erected and maintained by the tenant. The control of the outer walls by the landlord and the right to enter the premises for the purpose of making repairs did not impose a duty upon the landlord to inspect the manner in which the tenant had attached the awning in question to the store front. The obligations and responsibilities of the landlord herein to a passerby is controlled by the doctrine of *Zolezzi* v. *Bruce-Brown* (243 N. Y. 490, 497). Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

SEYMOUR SHULDENER, Appellant, v. ALFRED LIEBMANN, Respondent.— Action for an injunction to restrain the obstruction of a driveway upon defendant's own land, running from a public highway to land of the plaintiff adjoining that of the defendant. Judgment in favor of defendant dismissing the complaint, entered after a trial before the court without a jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.