GEORGE H. LEIGH, Respondent, *v.* LOUIS R. WASEY and JAMES C. KENNEDY, JR., Appellants, Impleaded with PRIMROSE HOUSE, INC., Defendant.

First Department, May 31, 1940.

*Arnold T. Koch* of counsel [*John S. Russell* with him on the brief; *Corner, Bell, Russell & McNulty*, attorneys], for the appellants.

*Neilson Olcott* of counsel [*John H. Jackson* with him on the brief; *Hall, Cunningham, Jackson & Haywood*, attorneys], for the respondent.

PER CURIAM. This is an action brought by a stockholder of the corporate defendant to compel the individual defendants, who constituted a majority of the board of directors, to account for misconduct alleged to have resulted in injury to the corporation. The principal acts complained of relate (1) to alleged excessive salary paid to the president, and (2) alleged excessive appropriation for corporate advertising whereby one of the individual defendants secured a personal benefit.

In such cases as this, plaintiff must first establish wrongdoing by directors before any right exists to have them account to the corporation. Of course, no referee may be appointed to take

and state an account until the wrongdoing of the directors is established to the satisfaction of the Special Term. (*Weldon* v. *Brown*, 84 App. Div. 482.)

The Special Term justice before whom this case was tried stated that the evidence was not sufficiently clear to enable him to determine the main question involved, and that, as a result, he refused to find misconduct by the directors, stating that the proofs were "too tenuous and intangible for a holding of guilt." Nevertheless, the court granted an interlocutory judgment appointing a referee to take and state an account, leaving the question of misconduct to the referee. This procedure was unwarranted.

On this appeal the respondent joins with the appellants in asking the court to make appropriate findings concerning the facts, and has asked that it render such judgment as the proof taken before the Special Term warranted. In view of this stipulation, we will determine the issues concerning the right to an accounting rather than remit the case to Special Term to fulfill that duty.

We find that the evidence entirely fails to sustain any over-reaching or misconduct on the part of the defendant directors, and that the acts complained of were well within their discretion.

The judgment, accordingly, should be reversed, with costs, and judgment directed for the defendant directors dismissing the complaint on the merits, with costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur; UNTER-MYER, J., dissents in part.

UNTERMYER, J. (dissenting in part). In my opinion the cause should be remitted to the Special Term for decision of the questions which the trial justice failed to decide.

The appeal is from an interlocutory judgment which leaves undetermined almost all the issues tendered by the pleadings. These the justice at Special Term declined to decide for the reason, as stated in his opinion, that he felt unable to do so on the record before him. That, however, was no sufficient reason for failing to decide the case. (*Stokes* v. *Stokes*, 87 Hun, 152; *O'Brien* v. *Bowes*, 17 N. Y. Super. Ct. 657.) The court failed to make findings of fact on most of the issues, and the judgment which has been entered also fails to determine the rights of the parties.

It is now suggested that this court should undertake to determine the questions of fact which the Special Term has failed to decide. Should we do so, it would not constitute the exercise of appellate jurisdiction over the action of the Special Term but would be an exercise of original jurisdiction concerning issues which have never been decided by any trial court. (Compare *Feist* v. *Fifth Avenue Bank*, 280 N. Y. 189.)

It is the settled rule that in the absence of findings of fact by the trial judge, as required by section 440 of the Civil Practice Act, the cause must be remitted to him for further disposition even where his conclusions are expressed in an opinion and by a judgment. (*Minner* v. *Minner*, 238 N. Y. 529; *Ventimiglia* v. *Eichner*, 213 id. 147; *Smith* v. *Geiger*, 202 id. 306; *Gilman* v. *Prentice*, 132 id. 488; *Wood* v. *Lary*, 124 id. 83; *Bridger* v. *Weeks*, 30 id. 328; *Kent* v. *Common Council*, 90 App. Div. 553; *People ex rel. Havron* v. *Dalton*, 77 id. 499; *Shaffer* v. *Martin*, 20 id. 304; *Hall* v. *Beston*, 13 id. 116.) How much more must this be true where the findings, the opinion and the judgment demonstrate that on most of the issues the trial judge has made no determination whatever.

The judgment should be reversed and the cause remitted to the Special Term for further decision.

Judgment reversed, with costs, and judgment directed for the defendant directors dismissing the complaint on the merits, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.