FRANK H. BENTZ, Plaintiff, v. MARJORIE T. BENTZ, Defendant.

Supreme Court, Special Term, Steuben County, January 11, 1947.

---

*Harold F. Lieb* for plaintiff.

No appearance for defendant.

WHEELER, J.  After twelve years of married life plaintiff brings this action to annul his marriage with defendant upon the ground of fraud.  The complaint alleges " that for the purpose of inducing this plaintiff to consent to said marriage, the defendant fraudulently promised to have children, which promise was not fulfilled by her."  Plaintiff further asserts that he did not learn of this premarital fraudulent intent until August, 1946, the parties having been married in 1933.  From the plaintiff's own evidence it appears that this marriage was consummated by cohabitation and normal marital relations during all those years, with the exception that defendant always insisted upon the use of contraceptives.

Claims of this character are being presented to the courts of this State in ever-increasing numbers, largely by those who cannot or will not, for various reasons, resort to the statutory ground for divorce. This subterfuge, so apparent in many recent cases, if permitted to persist, will inevitably tend to belittle the institution of marriage and bring discredit upon the courts.  The least the court can do is scrutinize such claims with great care to the end that no marriage shall be annulled except upon clear and convincing proof of all the essential elements.

In the instant case a careful analysis of the plaintiff's contention and the evidence in support thereof leads to the conclusion that he is not entitled to have this marriage annulled upon the ground of fraud.  True it is, " the refusal of husband or wife without any adequate excuse to have ordinary marriage relations with the other party to the contract strikes at the basic obligations springing from the marriage contract ", and constitutes an abandonment in a legal sense. (*Mirizio* v. *Mirizio*, 242 N. Y. 74, 80–81.)  However, such refusal by no means, in and of itself, constitutes fraud in the inception of the marriage.

The court was impressed with the appearance of the plaintiff and his obvious desire to testify to the truth.  Plaintiff's evidence concerning defendant's representation that she would have children is accepted as true; in fact, such a promise is implicit in the marriage contract.  But among the more important ques-

tions before the court are: Did the defendant at the time of her marriage not intend to keep that promise? Did the parties voluntarily cohabit as husband and wife with full knowledge of the facts constituting the fraud?

The plaintiff's own evidence clearly indicates that defendant harbored no such intent or mental reservation not to have children, at the time of the marriage. She was a trained nurse, interested primarily in pursuing her profession, and because of that interest manifested, from time to time, a desire to postpone having children. The plaintiff testified, in answer to a question by the court: " She told me at the time I was over there early in August (1946) that within the first year we were married she had decided in her own mind she would much prefer to do nursing even though before we were married she had stated to me that we would have a family and have a home." The only inference to be drawn from this testimony is that she made up her mind not to have children after, and not before, the marriage. It, therefore, follows that the essential elements of fraud are absent.

Even assuming fraud in the inception of this marriage, it is inconceivable that plaintiff, as an ordinarily prudent person, would not have discovered that he was the victim thereof before the elapse of more than ten years. In a marriage, as in an ordinary contract, a fraud may be waived, and one who continues, after knowledge of the fraud, to accept the benefits of the contract, may not later be heard to ask for a rescission.

This rule has long since been written into a statute. (Civ. Prac. Act, § 1139.) " But a marriage shall not be annulled * * * on the ground of fraud, if it appears that, at any time before the commencement thereof, the parties voluntarily cohabited as husband and wife, with a full knowledge of the facts constituting the fraud."

There is also a further and equally impelling reason why this application must be denied. Section 1143 of the Civil Practice Act relates to proof required for judgment by default in an action to annul a marriage, and contains the following provision: " The declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced." What may constitute " other satisfactory evidence," may rest in the sound discretion of the court, but the court may not in its discretion dispense entirely with this salutary requirement. In the instant case the corroboration required by the statute is wholly lacking.

For the reasons stated, the application for annulment is denied.