HELEN A. T. JONES, Plaintiff, *v.* DONALD J. JONES, Defendant.

Supreme Court, Special Term, Broome County, March 24, 1947.

*Roy C. McHenry* for plaintiff.

*Merchant, Waite & Waite* for defendant.

DEYO, J. The plaintiff herein seeks to annul her marriage to the defendant on the grounds of fraud. Although the defendant appeared and submitted himself to the jurisdiction of the court, the action is uncontested.

So far as I have been able to ascertain from the reported decisions, the subject matter of the premarital representation herein relied upon has never before been urged as the basis for an annulment. The plaintiff testified that prior to their marriage, the defendant represented to her that although he did drink beer occasionally, he did not drink hard liquor, and that such representation was the inducing cause of the marriage. The parties were married December 30, 1944, after a two weeks' acquaintanceship and, as the plaintiff tells us, it was " no time at all " before the defendant started to drink hard liquor and got drunk a number of times. The parties continued to live together until the defendant went overseas some two months later. On his return from service in 1945, they resumed cohabitation. At some undisclosed time thereafter, the plaintiff remonstrated with the defendant regarding his drinking; and on being reminded of his premarital assurances on that subject, the defendant said: " I knew if I told you I did drink often and heavy, you wouldn't marry me, and that's why I didn't tell you. But if you had taken time out to check on my character you would have learned I was quite a heavy drinker." Thereupon the plaintiff left the defendant. Two other witnesses, friends of the defendant, testified that the defendant used intoxicants to excess prior to his marriage.

Not every fraud, even though it may have been the inducing cause of the particular marriage, is an adequate basis for an annulment. (*Shonfeld* v. *Shonfeld,* 260 N. Y. 477, 479.) To be actionable, such fraud must be " material, to that degree that, had it not been practiced, the party deceived would not have consented to the marriage." And " of such a nature as to deceive an ordinarily prudent person  *  *  *." (*di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467, 471, 474–475.) Both by case law and by statute, the plaintiff must prove " the facts upon which the allegation of nullity is founded " (Civ. Prac. Act, § 1143) " by clear and convincing proof ". (*Peterson* v. *Peterson,* 255 App. Div. 537, 538; *Gerwitz* v. *Gerwitz,* 66 N. Y. S. 2d 327, 330.) Furthermore, the declarations of a party must be corroborated. (Civ. Prac. Act, § 1143.)

In my opinion the plaintiff has fallen far short of establishing such fraud as would warrant an annulment of her marriage. In the first place we have only her testimony that the representation was actually made. This is not sufficient. (*Zoske* v. *Zoske,* 64 N. Y. S. 2d 819; *Broad* v. *Broad,* 40 N. Y. S. 2d 258.) As Mr. Justice MERRELL said in *Feig* v. *Feig* (232 App. Div. 172, 176): " *  *  * in order to justify a decree of annulment there must be some evidence other than the mere declarations or confessions of one of the parties to the marriage." Secondly, even if the making of the representation had been properly proved, I do not feel that it would constitute actionable fraud. In *Shonfeld* v. *Shonfeld* (*supra*) Judge CROUCH said at page 481: " The primary consideration in every case is the materiality of the representation viewed in the light of all circumstances by the mind, not of the individual plaintiff but of an ordinarily prudent man." The representation allegedly made in the instant case was not that the defendant did not use intoxicants, but that he did not use a particular type of intoxicants. Would an ordinarily prudent person, fearful as this plaintiff says she was, of a home life marred by drunkenness, on being advised by the defendant himself that he was a drinking man, stake her future happiness on the brand of stimulants which he consumed, or on his conception of the extent to which he used them? Except perhaps in degree, the evils of drink are no more confined to spiritus frumenti to the exclusion of brewed liquor than are the evils of drug addiction limited to heroin to the exclusion of cocaine. In my opinion, a representation limited as this one was, would neither deceive nor be considered material by a person of ordinary common sense and prudence. In the third place, on being put on notice as to the defendant's habits, as

the plaintiff admits she was, ordinary prudence and common sense would seem to require that she make further inquiry. She and the defendant were next door neighbors. His friends who testified as to his drinking proclivities were from the same community. The defendant himself told the plaintiff that if she had checked she would have learned he was a heavy drinker. In view of these circumstances the conclusion seems inescapable that either the plaintiff did not exercise ordinary prudence in relying upon the representation without making some independent inquiry, or that her husband's drinking habits were not actually material to her. Either alternative is fatal to the annulment. (*Bahrenburg* v. *Bahrenburg*, 88 Misc. 272, affd. 172 App. Div. 950; *Girshick* v. *Girshick*, 44 N. Y. S. 2d 432.) As was said in *Dodge* v. *Dodge* (64 N. Y. S. 2d 264, 265) : " The plaintiff may not obtain relief for believing statements which ordinary care on her part would have revealed to be false."

Let us assume for the moment, however, that the plaintiff did adequately prove a representation which was clearly and explicitly to the effect that the defendant did not use intoxicants. Even under such circumstances, I would still feel that it did not furnish the basis for an annulment. Of course, I appreciate that the field of annulments has been considerably widened by *Shonfeld* v. *Shonfeld* (260 N. Y. 477, *supra*) and the decisions stemming therefrom. I am also aware that no longer need the representation deal with the essentials of the marriage relation itself. Nevertheless, as has already been pointed out, the representation must be of that type and cogency which reasonable men would rely upon and consider as a material inducing cause of marriage. The nearest approach to the representation herein relied upon is found in *O'Connell* v. *O'Connell* (201 App. Div. 338) where the false statement related to the use of narcotics. I cannot bring myself to regard the two as comparable. The one is so offensive to common decency that it is indulged in only in secret and constitutes a crime under our laws. The other, no matter what our personal views may be, is openly and generally practiced. The one by its very nature, defies detection. The other is obvious to all who care to observe. Of course, both habits may lead to unhappiness, and in that sense the distinction may be only in degree. So it can be said, however, of almost any other representation. It is to be expected that every suitor will put his best foot forward. It would be contrary to human nature if he did not paint himself in glowing colors, and did not fully utilize all the " seller's puff," to borrow a phrase from the law of contracts, which was at his command. Boastfulness and self-

approbation are as natural and as much to be expected under such circumstances as the strut of the rooster in the barnyard. Can any intelligent and prudent woman honestly claim to have relied upon statements thus made? Would such a person be blindly credulous and inquire no further if the statement was truly material to her? If so, then anyone whose married life has paled and whose ingenuity and resourcefulness is equalled only by his disregard for his marriage vows, is free to pluck from the past any boastful or thoughtless remark to be utilized at will as a safety hatch to escape from the marital ship he desires to abandon. How such a statement made in this day and age under such circumstances can be considered material in the sense that it will form the basis for an annulment action is beyond my comprehension.

There is still another reason why an annulment may not be granted in the instant case. Section 1139 of the Civil Practice Act provides that a marriage shall not be annulled on the grounds of fraud " if it appears that, at any time before the commencement thereof, the parties voluntarily cohabited as husband and wife, with a full knowledge of the facts constituting the fraud." Admittedly, there was cohabitation for some two months before the defendant went overseas, and for an indefinite period after his return. It is likewise apparent that such cohabitation was with " full knowledge of the facts constituting the fraud." The defendant's drinking proclivities became apparent in " no time at all " after the marriage, and yet, the record is barren of a single word of criticism or of a scintilla of evidence or remonstrance until at least eight months had expired. Surely, if the plaintiff had been deceived, she was aware of that fact long before she left the defendant. If the representation was as important to her as she now maintains, it is unbelievable that she would have continued as his wife. Not only has the plaintiff failed to satisfy the requirements of the statute, but her acquiescence constitutes a waiver of the fraud. (*Dodge* v. *Dodge,* 64 N. Y. S. 2d 264.) " In a marriage, as in an ordinary contract, a fraud may be waived, and one who continues, after knowledge of fraud, to accept the benefits of the contract, may not later be heard to ask for a rescission." (*Bentz* v. *Bentz,* 188 Misc. 86, 88. To the same effect see *McGill* v. *McGill,* 179 App. Div. 343, affd. 226 N. Y. 673; *Schulman* v. *Schulman,* 257 App. Div. 1002; *Taylor* v. *Taylor,* 181 Misc. 306; *Gerwitz* v. *Gerwitz,* 66 N. Y. S. 2d, 327, *supra.*)

For the foregoing reasons the annulment is denied and the complaint dismissed.