WALTER F. McLEAN, Plaintiff, *v.* HILDA McLEAN, Defendant.

Supreme Court, Special Term, Kings County, July 12, 1955.

*Whitestone, Tepper & Harrow* for plaintiff.

No appearance for defendant.

OLLIFFE, J.   This is an uncontested action brought by the plaintiff for annulment of his marriage to the defendant based upon fraud in that the defendant misstated her age.   The par-

ties were married in 1946. The plaintiff alleges that the defendant represented to him that at the time of the marriage she was thirty-nine years of age, when in fact she was fifty years of age. The plaintiff alleges that he did not discover the falsity of this representation until 1954, eight years after the marriage. The plaintiff was a mature man thirty-five years of age at the time of his marriage. The plaintiff first met the defendant in 1941, and attended evening high school with her. The plaintiff testified that they discussed their ages and that the defendant admitted to him that she was five years older than he was. The defendant is now sixty years old. When inquiry was made by the court at the time of the hearing, in response to the question '' Where is your wife now? '', the answer given was '' She went to work ''. According to the record it therefore appears that the defendant is still not feeble, although she failed to appear or answer the complaint in this action.

The law is well settled that fraud is sufficient to justify an annulment if it be material to that degree that had it not been practiced the party deceived would not have consented to the marriage; and the fraud must be of such a nature as to deceive an ordinary prudent person. The plaintiff herein, a civil service employee, appeared to be a person of superior intelligence.

Resort to the process of annulment is frequently based on a desire for freedom from marital bonds which one spouse, if not both, find irksome, rather than on a fundamental fraud striking at the roots of the contract. The duty rests on the Bench to weigh each case to determine whether it is honestly within the law, or is a sham carefully tailored and camouflaged to circumvent and defeat law. The court is led irresistibly to the conclusion that the fraud alleged here is a figment of the imagination, spun out beyond all reason to supply a legal excuse for relief.

Chivalry is not completely dead, but it is quite possible that an instance might arise where a concealment of a person's age might be considered adequate ground for the annulment of a marriage. Should the courts grant annulments merely because women concealed their correct ages the floodgates of litigation would be thrown wide open.

The court is convinced in this instance that the plaintiff knew, or should have known, of the defendant's age. The marriage was not entered into until after a long courtship and the action was not commenced until eight years after the marriage had been entered into. To grant a decree upon the facts before the court would be a travesty on reason and justice.