Benjamin Brenner, J.
The defendant husband has failed to establish his counterclaim for the annulment of the marriage because of alleged misrepresentation by the plaintiff wife that she would bear him children. He relies, in part, on the testimony of his sisters to the effect that the wife had implied the *793 future possibility of giving birth and had expressed views on child upbringing and on her preference for certain types of children. Such corroboration does not satisfy section 1143 of the Civil Practice Act for “ other satisfactory evidence of the facts ” since it does not go to the essence of the claimed deceit (De Baillet-Latour v. De Baillet-Latour, 301 N. Y. 428). Evidence corroborative of the testimony by one spouse of fraud by the other must be “ substantial and reliable enough to satisfy the conscience of the trier of the facts,” (p. 434) (Winston v. Winston, 165 N. Y. 553; Woronzoff-Daschkoff v. Woronzoff-Daschkoff, 303 N. Y. 506). Bearing in mind that this is a rule, not of evidence but for judicial guidance, the testimony here by the husband’s sisters seems to me woefully inadequate, for mere expressions of a woman’s yearning for children or her opinion concerning the proper rearing of them do not shed any light whatsoever on the existence or nonexistence of the deception claimed nor does it help to lend credence to the husband’s testimony that the Avife had failed to redeem her alleged promise to bear children.
The A\rife’s testimony, on the other hand, is both credible and convincing. It is to the effect that prior to the marriage they were both informed of the wife’s dread malady and of the doctor’s warning against childbearing; that the husband knowingly and willingly married her despite her disease and what they believed to be an impediment to pregnancy; that he had professed such desire for her that Avhen informed she could not bear him children he commented that his Avife Avould become “ his baby.” But five years have gone by and religious scruples now seem to play a dominant role in defendant’s attitude. No doubt plaintiff, who is of the same faith, is equally devout and would dearly wish to provide the defendant Avith a family but, fearing death through pregnancy, the instinct for self-preservation controls her conduct and this I find to have been her motivation before and after marriage. It is, after all, not his but the wife’s life that the husband is willing to place in jeopardy and possibly to sacrifice.
However, it is not my function as a judge to determine whether natural laAV requires that the giving of life shall take precedence over the safegurding of life; nor need I concern myself with age old theological disputations over which Anew represents the true natural law and the claim of supremacy of the latter over positive law. The sworn duty of a judge in such matters is to adhere to the law of the land, to the clear and positive law of this State Avhich does not sanction a dissolution of marriage for refusal to bear children, absent and unredeemed *794 promise so to do. Thus no matter how sincere and even understandable is the husband’s present purpose, his deep religious feelings cannot alone serve as a basis for the annulment of the marriage. (See my discussion of the subject in Casola v. Casola, 140 N. Y. S. 2d 13.)
The counterclaim is dismissed and plaintiff may now proceed to trial of her separation suit as severed on the record.
Submit findings, conclusions and judgment on counterclaim, including a provision for an additional counsel fee on the counterclaim of $125, payable 10 days after entry of judgment.