Benjamin Brenner, J.
Action to annul a marriage for fraud. Plaintiff wife was 56 years of age when she married her husband and lived with him for about two months when she discovered that he did not earn $200 weekly, as represented, and that he did not possess a paid-up insurance policy for $16,000, relative to which he had promised to name her beneficiary. These representations, she insists, were the all important conditions of the marriage. Plaintiff readily testified that hers was no love match but that she could get used to the defendant in time. Apparently even this minimal requirement for marital happiness was unattainable because the $100 weekly house and table money was not forthcoming and the $16,000 paid-up policy turned out to be a cancelled $1,500 policy.
It is a basic principle of law that the fraud alleged as grounds for the dissolution of a marriage must relate to a *2 vital representation; that it must consist of more than a puffing of financial worth and should be so weighty and material as to influence a person of average prudence and intelligence (Lapides v. Lapides, 254 N. Y. 73; Beard v. Beard, 238 N. Y. 599). And in Shonfeld v. Shonfeld (260 N. Y. 477, 489) it was pointedly said “ the courts have not yet gone so far as to recognize marriage as a mere matter of bargain and sale or to annul it because one of the parties is disappointed in the material wealth of the other.”
Plaintiff undoubtedly expected her second matrimonial venture to be her last. - Factors taken into account by younger or more romantic women, such as affection and compatibility, could but take second place in her thoughts, and while I suspect that there were some aspects of bargain and sale here, plaintiff’s prime consideration was that of security in a not too distant old age. To this plaintiff, representations of good earnings and ownership of a substantial paid-up policy were most important. Certainly their falsity constituted no mere disappointment in the material wealth of the spouse. Average prudence and intelligence vary with each classification of persons and often the age, sex, physical and financial condition of the party determine the weight and impact of the misrepresentation claimed as grounds for the sought after dissolution. Thus, if average prudence and intelligence be the test of the materiality of promises made to induce a marriage, this plaintiff has met that test.
I find on the evidence that the plaintiff is entitled to a judgment dissolving the marriage. This opinion shall constitute the findings of fact and conclusions of law.