Beatrice Cogan RIEDL, Appellant,

v.

Otto M. RIEDL, Appellee.

No. 2372.

Municipal Court of Appeals for the
District of Columbia.

Argued April 13, 1959.

Decided July 21, 1959.

Bertrand H. Merwin, Washington, D. C., for appellant.

Daniel I. Sherry, Washington, D. C., entered an appearance for appellee, but filed no brief.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This action was brought by appellant for the annulment of her marriage on the ground of fraud. The alleged fraud was concealment by the husband at the time of marriage of his intention not to have children. The husband filed an answer in which he neither admitted nor denied the charge; he did not appear at trial but was represented by counsel. At the conclusion of appellant's evidence, the trial judge dismissed the complaint, and this appeal followed.

The parties were married in New York City in April 1955. Appellant testified that before marriage they entered into a mutual compact or agreement not to have children for the "first year or so" to enable her husband to conclude his year as an instructor at a university in Detroit and to complete his doctorate. In August 1956, the parties moved to Washington. On two occasions in the fall of that year appellant told her husband she wanted to start a family. He first recommended waiting until they knew if they would stay in the District, and on the second occasion he suggested she return to college to obtain her bachelor's degree. Appellant testified that these proposals "sounded sensible" and that she agreed not to have a family until the summer of 1957. In June 1957, when she brought the subject up again, appellee disclosed to her for the first time that "he never wanted any children." Appellant re-minded him of their discussion prior to marriage concerning children and appellee said he thought then that he could change her mind once they were married. At this time appellant told appellee she would not continue living with him and he left the next day. She testified that she had not cohabited with him since. During cohabitation, appellee used means to prevent conception with the knowledge and consent of appellant. The testimony of appellant regarding appellee's refusal to start a family was corroborated by her mother.[1]

In denying the annulment, the trial court held:

"* * * that the pre-marital agreement of these parties 'did not concern a matter which the plaintiff considered material' and * * * that the wife's acquiescence in her husband's use of contraceptives, for a period of a year or so after the time when he had agreed not to use them, was a waiver of the alleged fraud of the husband, Dodge v. Dodge [Sup.], 64 N.Y.S.2d 264, affirmed without opinion [Sup.], 63 N.Y.S.2d 837, * * *."

Appellant contends that the court's findings were erroneous. In view of the fact, however, that appellant is an attorney-at-law and appellee holds a Ph.D. degree, it is probably safe to say that regardless of intent prior to their two years of married life, their actions did not stem from unusual ignorance or mistake of fact.

█ Since the marriage was performed in New York, the question of its validity is governed by the substantive law of that state,[2] except when the marriage is in violation of strong public policy of the domiciliary state.[3] New York's Domestic Relations Law, McKinney's Consol.Laws, c. 14, § 7, provides in part:

1. Required by N.Y.Civil Practice Act, § 1143. See generally, Richardson v. Richardson, 1951, 200 Misc. 778, 103 N.Y.S. 2d 219.

2. Jwaideh v. Jwaideh, D.C.Mun.App.1958, 140 A.2d 303.

3. Osborne v. Osborne, D.C.Mun.App.1957, 134 A.2d 438.

"A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto:

\* \* \* \* \* \*

"4. Consents to such marriage by reason of force, duress or fraud." [4]

Although fraud is not defined in the statute, what seems to be the prevailing rule in New York concerning annulment for fraud was succinctly stated by Judge Desmond:

"Defendant, on that showing, was no model of chivalry or propriety. \* \* But this is a suit to annul a marriage for fraud, and, while we have, for better or worse, retreated, di Lorenzo v. di Lorenzo, 174 N.Y. 467, 67 N.E. 63, 63 L.R.A. 92; Shonfeld v. Shonfeld, 260 N.Y. 477, 481, 184 N.E. 60, 61, from the old idea that marriages can be voided only for frauds going to the essentials of marriage, that is, consortium and cohabitation, it is, nonetheless, still the law in New York that annulments are decreed, not for any and every kind of fraud, Mirizio v. Mirizio, 242 N.Y. 74, 80, 150 N.E. 605, 607, 44 A.L.R. 714; Svenson v. Svenson, 178 N.Y. 54, 59, 70 N.E. 120, 122, but for fraud as to matters 'vital' to the marriage relationship only. Lapides v. Lapides, 254 N.Y. 73, 80, 171 N.E. 911, 913. \* \* \*" [5]

It must also be so weighty and material as to influence a person of average prudence and intelligence.[6] Moreover, the misrepresentation could not furnish grounds for annulment unless the plaintiff did in fact rely upon it.[7] That is, the fraud must have been an effective cause and one cannot complain if he knew the truth or should have known it; it is adequate when it reaches the degree that, but for it, the party deceived would not have married; and that determination must rest within the discretion of the court.[8] Finally, we also note that the clear and positive law of that state does not sanction dissolution of marriage for a refusal to bear children, absent an unredeemed promise to do so.[9]

This is not a case where one party fraudulently concealed his intention at the time of marriage not to have children. Here, there was a premarital agreement that there would be no children for a year or so, which agreement was extended with the full knowledge and consent of the wife because it "sounded sensible." There was a complete meeting of the minds as to what course of action was to be followed, and the wife obligated herself to the fullest extent. To permit her now to cry fraud and to claim that she was victimized by her husband would, under the circumstances in this case, be unrealistic. It is true, of course, that testimony which is not contradicted or impeached cannot be treated arbitrarily or capriciously.[10] Nevertheless, appellant and her corroborating witness were interested persons whose credibility may be examined. Without further discussion of this question, we conclude that the trial court was right in denying the annulment.

Affirmed.

4. Our statute is similar. Code 1951, 16–403.

5. Woronzoff-Daschkoff v. Woronzoff-Daschkoff, 1952, 303 N.Y. 506, 104 N.E. 2d 877, 880.

6. Tuchsher v. Tuchsher, 1959, 16 Misc.2d 1, 184 N.Y.S.2d 131.

7. Minner v. Minner, 1924, 238 N.Y. 529, 144 N.E. 781, 783.

8. Croce v. Croce, 1950, 199 Misc. 635, 100 N.Y.S.2d 97.

9. Attar v. Attar, 1958, 15 Misc.2d 792, 181 N.Y.S.2d 265, 267.

10. Casola v. Casola, Sup.1955, 140 N.Y.S. 2d 13, 15.