Donald S. Taylor, J.
On the ground of premarital fraud, the plaintiff wife sues for an annulment of her marriage to defendant solemnized, after a short courtship, on January 7, 1958 in the State of Florida. The cause was tried before the court without a jury on the stipulation of the parties.
It appears without dispute that defendant, prior to the marriage, had been addicted to the use of narcotics. He testified that in 1954 his habituation to drugs ceased. It is conceded that between the years 1936 and 1957 the defendant had been convicted of sundry crimes. The reliable testimony establishes, and I find, that defendant concealed his prior status in these respects and that plaintiff, prior to the marriage, had no knowledge of it. She testified that she would not have consented to the marriage had these facts been known to her. Defendant’s addiction, even though then cured, and his criminal record were matters material to the civil contract which he had the duty in law fully and completely to disclose to plaintiff antecedent to the performance of the marriage ceremony. His failure to do so effected a fraud by suppressio veri which justifies its rescission. The proof satisfies me that plaintiff did not cohabit with defendant following her discovery of the fraud and that her right to relief is not barred through voluntary cohabitation with full knowledge of the facts constituting the fraud. (Shonfeld v. Shonfeld, 260 N. Y. 477; O’Connell v. O’Connell, 201 App. Div. 338; Harris v. Harris, 201 App. Div. 880; O’Connell v. O’Connell, 8 Misc 2d 811, 812; Costello v. Costello, 155 Misc. 28; Weill v. Weill, 104 Misc. 561; Giannotti v. Giannoti, 60 N. Y. S. 2d 74.)
The contention of defendant that the wife may not prevail because her complaint alleges that the fraud upon which she relies consisted of express false representations and not of the concealment of . material facts which ought to have been disclosed is without merit. Essentially, the ground underlying these averments is the same. The suppression of truth is *115 equivalent to the expression of falsehood. (Paul v. Hadley, 23 Barb. 521, 525; see, also, Diemer v. Diemer, 8 N Y 2d 206, 211-212.)
Accordingly, an interlocutory judgment annulling the marriage of the parties is granted plaintiff, without costs. The motions of the defendant, upon which decision was reserved at the trial, are denied with appropriate exceptions.