G. Robert Witmer, J.
In this uncontested action for annulment it appears that the parties were married on April 9, 1949 when the plaintiff was 30 years of age and the defendant 22 years of age, and they separated in August, 1964. The plaintiff testified to a conversation she had with the defendant in August, 1964, which apparently grew into an argument, a separation and this action. She says that when she expressed to the defendant her regret that they did not have children, defendant said that a year or two before their marriage he had a son by a girl to whom he was not married; and in said conversation he also informed the plaintiff that instead of being 6 years younger than she when he married her, as he had represented to her, he was, in fact, 8 years younger. This annulment action is founded on such misrepresentation of age and on defendant’s alleged fraudulent concealment of his prior relations with an unwed girl and the existence of said child.
Contrary to the advice of his attorney, defendant testified for the plaintiff, and confirmed her testimony of his alleged misrepresentations. Defendant testified that he never saw his alleged son by the unwed girl, but that the year before his marriage to plaintiff, he met the girl on the street. He says that she was then married, but showed him a picture of her baby son, and told defendant that he was the father. Defendant has never seen or heard from the son or the mother since, and, of course, has never been asked to contribute to their support. In the light of defendant’s testimony it is doubtful that the court could find that the defendant was the father of the alleged son. Even if he were, however, it would be immaterial in view of the authorities cited below.
Undoubtedly many express misrepresentations are sufficient to support an action for annulment (Shonfeld v. Shonfeld, 260 N. Y. 477, 479-480; di Lorenzo v. di Lorenzo, 174 N. Y. 467). And some representations will be implied, such as the capacity and the desire to have sexual intercourse, that one does not have venereal disease, and that one is not addicted to gross antisocial habits; and passive concealment of such conditions, striking as they do at the heart of the marriage relationship, will constitute grounds for annulment. (Svenson v. Svenson, 178 N. Y. 54; Lockwood v. Lockwood, 29 Misc 2d 114; and, see, Groce v. Groce, 199 Misc. 635, 639.)
But the plaintiff herein does not claim that the defendant made any express representation about his prior conduct or that he had no child ; and the alleged prior conduct is not of such a nature that the law imposed a duty upon the defendant to speak. In other words, there was no implied representation in this respect, *208 and the plaintiff may not have the marriage annulled upon the ground that the defendant did not reveal his antenuptial incontinence. (Glean v. Glean, 70 App. Div. 576 ; Fisk v. Fisk, 6 App. Div. 432; Shrady v. Logan, 17 Misc. 329; and, see, Butter v. Butter, 204 App. Div. 602, 606; Musso v. Musso, 143 N. Y. S. 2d 331; cf. Costello v. Costello, 155 Misc. 28.)
Likewise, the plaintiff has failed to make a case for annulment on the ground of defendant’s misrepresentation of his age. Her statement that she married him knowing that he was 6 years younger than she, but that she would not have married him had she known that he was 8 years younger, is made from hindsight and is incredible under the circumstances of this case. Moreover, there is no showing that the misrepresentation was material and that the plaintiff was prejudiced thereby. (McLean v. McLean, 208 Misc. 853; Anonymous v. Anonymous, 74 N. Y. S. 2d 899, 902; Girshick v. Girshick, 44 N. Y. S. 2d 432.) The complaint is, therefore, dismissed.