## RUSSELL v. AGRICULTURAL INS. CO. OF WATERTOWN.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

MOTION FOR NEW TRIAL—NOTICE.
    Obtaining a stay for the purpose of making a case and exceptions, preparatory to a motion for a new trial, making and service of such case and exceptions by one party, and preparation of amendments thereto by the other, for the purpose of a motion for a new trial on such case and exceptions, constitute the "notice therefor" required by Code Civ. Proc. § 1002, to be given before the expiration of the time within which an appeal can be taken, in order that a motion for a new trial may be made, and after such notice has been given the entry of judgment does not prejudice a subsequent motion for a new trial.

Appeal from special term.

Action by James Russell against the Agricultural Insurance Company of Watertown, N. Y. Verdict for defendant. From an order

granting a new trial to plaintiff on case and exceptions, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

A. H. Sawyer, for appellant.

Eugene Bartlett, for respondent.

GREEN, J. The court at special term was justified in granting the order for a new trial, as notice therefor had been given before the expiration of the time within which an appeal could have been taken from the judgment in accordance with the provision of section 1002 of the Code of Civil Procedure. The section last quoted must be construed as providing that the "notice therefor" (i. e. a new trial) is given when a stay of proceedings is obtained for the purpose of making a case and exceptions preparatory to making a motion for a new trial; and the making of a case and exceptions by the plaintiff, and the service of the same, and the preparing and serving of amendments thereto, for the purpose of making a motion for a new trial upon the case and exceptions, constitute a "notice therefor," within the provisions of the section last quoted, and after such notice has been given the entry of judgment does not prejudice a subsequent motion for a new trial. Code Civ. Proc. § 1005. There was no necessity, therefore, for the court to set aside the notice of entry of judgment in this case, for the reason that the defendant was duly notified of the plaintiff's intention to move for a new trial herein upon case and exceptions, which was afterwards done. The motion was made, therefore, within the time allowed by the Code of Civil Procedure, and the order made thereon should be affirmed, on authority of McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475, and Paltrovitch v. Insurance Co., 143 N. Y. 73, 37 N. E. 639, with costs.

Order affirmed, with costs. All concur.