WILLIAM A. BURNS, Plaintiff, *v.* JAMES F. HASBROUCK and Another, Defendants.

Supreme Court, New York Special Term, December 10, 1924.

Trial — new trial — application to vacate notice of motion to set aside verdict and for new trial made pursuant to Civil Practice Act, § 552, after expiration of time to appeal from denial of motion previously made after trial under Civil Practice Act, § 549 — motion was improper — notice of motion vacated.

Defendant's application to vacate plaintiff's notice of motion to set aside a verdict and for a new trial pursuant to section 552 of the Civil Practice Act upon allegations of error committed at the trial should be granted, where defendant's time to appeal from the denial of an identical motion previously made at the conclusion of the trial, pursuant to section 549 of the Civil Practice Act, had expired.

MOTION to vacate notice of motion for new trial on bill of exceptions made under section 552 of the Civil Practice Act returnable at Special Term, after denial of motion at conclusion of trial made under section 549 of the Civil Practice Act, and after time to appeal had expired.

*David Steckler*, for the plaintiff.

*Nadal, Jones & Mowton*, for the defendant Hasbrouck.

*Eugene Decker*, for the defendant Wald.

PROSKAUER, J.:

At the conclusion of the trial plaintiff moved before the trial justice under section 549 of the Civil Practice Act to set aside the verdict and for a new trial; the motion was denied. Thereafter

and after the time to appeal had expired plaintiff gave notice of motion under section 552 returnable at Special Term asking that the verdict be set aside and for a new trial upon allegations of error committed on the trial and purporting to be made upon a case not yet settled. By the explicit provisions of section 552 this motion must be heard before the justice who presided at the trial. It would seem clear, therefore, that the Civil Practice Act never contemplated that if a party availed himself of the permission granted by section 549 to make his motion summarily to the trial justice, he could then wait until his time to appeal had expired and make the identical motion over again returnable at Special Term. The determination heretofore made by the justice at Trial Term is sufficient alone to defeat this motion. Moreover, the mandatory requirement of section 552 on such an application that " notice therefor " must be given before the expiration of the time to appeal, seems to me clearly to mean that the notice of motion for the new trial must be given within that period. In *Wulstein* v. *Wulstein* (202 App. Div. 849) a motion for a new trial was denied " on the ground that defendant's motion for a new trial was not made within the time limited to take an appeal   \*   \*   \*   and that the court at Special Term was without power to extend the time so limited." This lack of power exists whether it is attempted to be exercised either before or after the time limited for an appeal, and the case cannot, therefore, be successfully distinguished on the argument advanced by plaintiff. This recent case in the Second Department seems to me to state a rule both more workable and more in accord with the language of the Civil Practice Act than the older case in the Fourth Department (*Russell* v. *Agricultural Insurance Co.*, 19 App. Div. 625) relied on by plaintiff.

Motion to vacate granted.