In the Matter of the Estate of HERMANN FINGERLIN, Deceased.

Surrogate's Court, New York County, May 19, 1938.

*Leon Huhner* [*George H. Rosen* of counsel], for Joseph Theuer, as executor, etc., petitioner.

*Isadore Solkoff,* for Catherine Tamburin, alleged widow, respondent.

*Grace Kelly Santo,* special guardian for infants.

FOLEY, S.  This is an application by the executor to determine the validity of a right of election filed by a person claiming to be the widow of the decedent.

The decedent and the respondent were married in 1888.  They lived together as man and wife in an apartment kept by the decedent on Delancey street near Sheriff street in this county.  In the year 1889 the respondent left the decedent and moved to her parents' home which was around the corner from the apartment she occupied with her husband.  By her testimony the respondent has attempted to make it appear that she was forced from her home by the decedent and compelled to live with her parents.  Her appearance on the stand while testifying and the discrepancies in her testimony on this point discredit her contention.  When carefully scrutinized, her evidence clearly shows that she left the decedent and went to live with her parents and sometime thereafter he moved the furnishings and belongings to a new home.

The respondent lived with her parents for about a year and then moved to New Jersey.  She has lived in New Jersey from 1890 to the present day.  In 1900, after consulting a New York attorney and a New Jersey attorney, the respondent instituted an action for divorce against the decedent in New Jersey.  The action was evidently abandoned after the filing of the petition for divorce. The respondent has testified that her attorneys told her that she

needed no divorce because of her husband's disappearance. The respondent thereafter, in the year 1900, entered into a ceremonial marriage with Joseph Tamburin. She has continuously lived with Joseph Tamburin since that time as his wife and a child born of that marriage is still living.

On this statement of facts the respondent asserts a right of election as the surviving spouse of this decedent.

The respondent's testimony as to the disappearance of the decedent and his abandonment of her is unconvincing. The decedent was an expert toolmaker by trade and worked for the same employer for a long period of time. He was a member of a fraternal organization and lived under his own name on the lower west side of this county for over twenty-five years. The respondent could easily have ascertained the whereabouts of the decedent had she wished to do so. Her actions subsequent to her removal from the decedent's house tend to show that she abandoned the decedent rather than that he abandoned her. She left the decedent and went to live with with her parents. She moved to New Jersey, where she remarried after instituting an action for divorce against the decedent. She has lived with her second husband since that time and enjoyed her status as wife and mother for more than thirty-five years. She showed no interest in the decedent in his lifetime and yet now asserts a right to share in his estate. On all the evidence, I hold that the respondent abandoned the decedent and has no right of election.

*Matter of Green* (155 Misc. 641; affd., 246 App. Div. 583), upon which the respondent relies, is not in point here. In that case it was established that the decedent abandoned his wife and excluded her from their home. The executors in that case contended that the adulterous acts of the wife subsequent to the time when the decedent abandoned her established an abandonment of the decedent or tended to excuse his own delinquencies. There was no subsequent marriage of the wife in that case and the initial abandonment and continuous non-support by the decedent were clearly established. In the pending proceeding the record shows an abandonment of the decedent by the respondent. The acts of the respondent subsequent to that time are consistent with an abandonment of the decedent by her.

Even if the testimony of the respondent should be wholly correct, she could not succeed here. At the date of the respondent's second marriage in 1900 the law of this State did not require a decree of divorce or annulment from a spouse who had been missing for five years and a ceremonial marriage entered into in good faith by a person whose spouse had been missing and could not be found was

voidable only and not void. (*Stokes* v. *Stokes*, 198 N. Y. 301; *Dodge* v. *Campbell*, 229 App. Div. 534.) Such a subsequent marriage is valid until a decree of annulment or divorce is obtained. The law presumes that the ceremonial marriage followed by long cohabitation and birth of children is valid until proved otherwise. (*Matter of Meehan*, 150 App. Div. 681; *Romps* v. *Romps*, 209 id. 832; *Matter of Gropen*, 162 Misc. 346.) The burden of establishing the invalidity of the second ceremonial marriage rests upon the person who attacks it even to the point of requiring proof that the first marriage has not been dissolved or declared invalid. (*Matter of Meehan, supra.*) The respondent is in no position to attack the validity of the marriage she entered into in 1900.

The law of New Jersey is evidently in accord with the New York rule stated above. (*Steerman* v. *Snow*, 94 N. J. Eq. 9; 118 A. 696.) It would, therefore, appear that before the respondent could succeed as the widow of this decedent her subsequent ceremonial marriage to her present husband would have to be dissolved by a decree of a court of competent jurisdiction. As was pointed out in *Stokes* v. *Stokes* (*supra*) and *Dodge* v. *Campbell* (*supra*) the rights of the parties to the first marriage are held in abeyance until such time as the second marriage is dissolved by judicial decree.

The respondent is, therefore, not entitled to share in this estate and the instrument of election heretofore filed by her is held to be invalid and of no effect.

Submit decree on notice accordingly.