CHARLES JACKSON, Appellant, v. SADIE JACKSON, Respondent.— Order setting aside the verdict of a jury, dismissing the complaint and directing entry of judgment in favor of defendant, and judgment entered thereon, reversed on the law, without costs, motion of defendant denied, without costs, and matter remitted to Special Term for trial. A jury trial, upon application of either party, is a matter of right. (Civ. Prac. Act, § 1142.) The verdict of the jury, therefore, was conclusive. (Civ. Prac. Act, § 429; *Lowenthal* v. *Lowenthal*, 157 N. Y. 236; *Tousey* v. *Tousey*, 214 App. Div. 785; *Burns* v. *Hasbrouck*, 124 Misc. 282; affd., without opinion, 213 App. Div. 820.) The verdict was not set aside at Trial Term, but, to the contrary, a motion made pursuant to section 549 of the Civil Practice Act was denied. It was error, therefore, to have regarded the verdict as advisory. Nevertheless, the questions answered by the jury are not determinative of the fundamental issue raised by the pleadings, which is whether or not the marriage had been consummated. The complaint alleges that no sexual intercourse had taken place during the entire time of the marriage. This allegation could not be distorted by the use of the qualifying word " normal " to the end that a jury might find in plaintiff's favor, despite the fact that consummation of the marriage had occurred, at least in the light of the pleadings and the proof in this case. The issue of consummation should be determined as an essential element of the cause of action. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.

JOSEPH L. KALLUS, Respondent, v. FLEISCHER STUDIOS, INC., Appellant.— Action for damages under an alleged breach of a contract for personal services, advanced on the theory of special contract and *quantum meruit*. Order on reargument, dated September 1, 1938, modified so as to provide that plaintiff also be directed to furnish the particulars covered by the items marked 6(a), 6(b), 6(c), 6(d), 6(e) and 6(f) in defendant's demand. As so modified, the order is affirmed, with ten dollars costs and disbursements to appellant, unless within ten days from the entry of the order hereon plaintiff stipulate that he will not adduce evidence on the *quantum meruit* theory; in which event the order is affirmed without modification, with ten dollars costs and disbursements to appellant. If plaintiff fail so to stipulate, the bill of particulars may be served within ten days from the entry of the order hereon. The allegations of the complaint entitle plaintiff to adduce evidence on the theory of special contract or of *quantum meruit*. The particulars allowed to defendant were limited to those properly required on the express contract theory of the complaint. The defendant is entitled to particulars on the *quantum meruit* theory also unless plaintiff furnish such stipulation. In the absence of the stipulation, the particulars must be furnished. (*McGuire* v. *Hall*, 61 App. Div. 571; 3 Carmody's N. Y. Practice, § 1103, and cases cited.) Appeal from order entered June 21, 1938, dismissed, without costs. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.