CITY BANK FARMERS TRUST COMPANY, Respondent, *v.* KATHERINE B. HARTSHORNE, Appellant.

First Department, June 5, 1942.

*Franklin S. Wood* of counsel [*Clarence Fried* with him on the brief], for the appellant.

*George S. Mittendorf* of counsel [*Milton R. Friedman* with him on the brief; *Mitchell, Taylor, Capron & Marsh,* attorneys], for the respondent.

CALLAHAN, J. Plaintiff in its complaint seeks a declaratory judgment of the rights of the parties under a mortgage and, as incidental relief, a money judgment for certain interest, taxes and insurance premiums. The answer, in addition to a general denial and various affirmative defenses, alleges a counterclaim for damages for breach of contract based on the non-abatement of a nuisance.

Plaintiff filed a note of issue for the equity calendar. Defendant filed her demand for a jury trial within the time prescribed in section 426 of the Civil Practice Act and promptly moved for an order directing that the issues raised by her counterclaim be tried by a jury. This motion having been denied, defendant appeals.

The counterclaim is clearly one at law upon a cause of action which, if independently instituted, would have entitled defendant to a jury trial as a matter of right. We find that that right was not lost when, instead of bringing an independent action, defendant counterclaimed in an action brought by plaintiff in equity. (See *DiMenna* v. *Cooper & Evans Co.,* 220 N. Y. 391.)

In the cited case, plaintiff sought legal and equitable relief in respect of the same wrong. Defendant asserted a counterclaim legal in nature. It was held that plaintiff had lost his right to a jury trial. But with respect to defendant's counterclaim, the court said (p. 396): " A different question arises when we come to the counterclaim. This was more than a counterclaim in name only (*Bennett* v. *Edison El. Ill. Co.*, 164 N. Y. 131). It was an independent cause of action, which, if sustained, would have given the defendant a judgment for upwards of $11,000. It was, therefore, triable by jury as of right [citing authorities]   *   *   *."

In the present case, defendant's counterclaim is an independent cause of action not inextricably bound up with plaintiff's cause of action.

The case of *Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.* (184 App. Div. 440), which was decided approximately a year after *DiMenna* v. *Cooper & Evans Co.* (*supra*), did not cite the latter authority. So far as it is in conflict with the decision of the Court of Appeals in the *DiMenna* case, it must, of course, be disregarded. The effect of the holding in *Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.* (*supra*) has heretofore been limited by this court in *Maag* v. *Maag Gear Co.* (193 App. Div. 759).

In accord with the views here expressed are: *Fout* v. *Wolfe* (231 App. Div. 11); *Kings Highway Development Co., Inc.*, v. *Home Affair Realty Co., Inc.* (235 id. 796); *Anahma Realty Corporation* v. *9 Avenue-31 Street Corporation* (Id. 709); *Kupfer* v. *Thompson* (227 id. 516).

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs, and the motion for a separate trial of the issues raised by defendant's counterclaim and plaintiff's reply granted.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion for a separate trial of the issues raised by defendant's counterclaim and plaintiff's reply granted. Settle order on notice.