MARGUERITE L. TREFRY, Plaintiff, *v.* JOHN E. TREFRY, Defendant.[*]

Supreme Court, Special Term, Westchester County, August 6, 1947.

*Simon Goldae* for plaintiff.

No appearance for defendant.

BAILEY, J. In this action for annulment of marriage upon the ground of fraud plaintiff has abandoned one ground upon which it appeared she had originally relied as a basis for the relief sought.

As to the remaining ground no proof was offered as to any direct representations made by defendant prior to the marriage; neither is the court of the opinion that defendant's failure to disclose his two convictions for intoxication, five and seven years before the marriage, to be the concealment of such material facts as to constitute fraud sufficient to vitiate the marriage contract. The duty rests upon the plaintiff to prove to the satisfaction of the court that through misrepresentation of some fact which was an essential element in the consent to the contract of marriage and was of such a nature to deceive an ordinarily prudent person, she was victimized (*di Lorenzo v. di Lorenzo,* 174 N. Y. 467).

[*] See *Jones v. Jones,* 189 Misc. 145.— [REP.

The facts here reveal that plaintiff knew that defendant partook of intoxicating liquor; during their brief courtship of but a month's duration plaintiff joined him in such indulgence and it has not been established that such overindulgence may not have become evident during that period. Plaintiff became disappointed with her marriage, she repents her hasty decision and has changed her mind as to the wisdom of her marriage but that is not sufficient to set aside the marriage contract. The fraud which may dissolve the marriage tie must relate to something vital. (*Lapides* v. *Lapides*, 254 N. Y. 73; *Nilsen* v. *Nilsen*, 66 N. Y. S. 2d 885.)

Plaintiff has failed to sustain the burden resting upon her and the complaint is dismissed.