ETHEL SEFRANKA, Plaintiff, *v.* GUSTAVE C. SEFRANKA, Defendant.

Supreme Court, Special Term, Queens County, September 4, 1947.

*Harry J. Coman* for defendant.

*Kenneth W. Greenawalt* for plaintiff.

HALLINAN, J. Motion by defendant " for an order directing that the proposed questions as framed by defendant, pertaining to the issues arising upon the defendant's counterclaim for annulment be tried by a jury." Plaintiff's action is for a separation.

Plaintiff opposes this motion on various grounds. Her first objection is that this is an action for a separation, not for an

annulment, and that defendant by interposing his action as a counterclaim instead of bringing a separate action for annulment, is bound by the procedure pertaining to separation actions. There is no merit to this contention. A counterclaim is governed by the same rules which govern a complaint. (*Hamilton R. Mfg. Co.* v. *Greater New York C. House,* 47 N. Y. S. 2d 210, affd. 269 App. Div. 681.)

Plaintiff's second objection is that defendant by interposing his action as a counterclaim has forfeited his right to a jury trial. The authorities are to the contrary. (*City Bank Farmers Trust Co.* v. *Hartshorne,* 264 App. Div. 287; *Lipton* v. *Marks,* 269 App. Div. 1055.)

Plaintiff also claims that defendant waived his right to a jury trial by failing to file a timely demand under subdivision 5 of section 426 of the Civil Practice Act. A comparison of that section with section 1142 of the Civil Practice Act indicates that it was not intended to apply to annulment actions. Subdivision 5 of section 426 provides in part that any party who has been served with a copy of a note of issue not containing a demand for trial by jury, may serve upon the attorneys for all the other parties to the action a demand for a jury trial. Section 1142 of the Civil Practice Act provides in part: " In an action to annul a marriage  *  *  *  the court, *upon the application of either of the parties,* must make an order directing the trial, by a jury of all the issues of fact  *  *  *." (Italics supplied.) Clearly in annulment actions a party does not obtain a jury trial merely by serving a demand therefor and his failure so to do cannot be construed to be a waiver.

Moreover, even if subdivision 5 of section 426 of the Civil Practice Act were applicable herein, the court is not without power to relieve a party from the consequences of his failure to serve a demand. (*New York Investors, Inc.,* v. *Laurelton Homes, Inc.,* 230 App. Div. 712.)

Plaintiff's third point is that defendant's motion does not comply with rule 157 of the Rules of Civil Practice. An examination of that rule, however, shows that it is inapplicable to a case where a party may have a jury trial as a matter of right. The rule specifically states: " If a party desire to have an issue of fact framed for trial by jury, not as a matter of right but in the discretion of the court  *  *  *." In an annulment action a party is entitled to a jury trial as a matter of right. (*Jackson* v. *Jackson,* 255 App. Div. 812.)

Plaintiff's fourth point that there are practical difficulties merits no discussion. Framed issues are tried in divorce cases **regularly.**

Plaintiff's fifth objection is that the proposed issues are redundant and one of them is not in question form. Plaintiff did not favor the court with any counter proposal of issues. Any defects in form can easily be corrected in the order hereon. An exchange of proposed issues by the attorneys would be helpful. Plaintiff may suggest additional issues if she believes that those proposed by the defendant do not constitute *all* the issues of fact. Thus, the attorneys will arrive at a clear and concise statement of the issues herein.

The motion is accordingly granted. Let the attorneys exchange proposed issues wthin five days after this decision appears in the Law Journal and thereafter settle the order hereon on three days' notice.