ETHEL SEFRANKA, Plaintiff, *v.* GUSTAVE C. SEFRANKA, Defendant.

Supreme Court, Special Term, Queens County, April 12, 1948.

*Kenneth W. Greenawalt* and *William J. D. Murphy* for plaintiff.

*Harry J. Coman* for defendant.

DALY, J. Plaintiff wife commenced an action for a separation against the defendant who, after denying the material allegations of the complaint, interposed a counterclaim for an annulment of the marriage upon the ground of fraud. The reply interposed to such counterclaim consists of a general denial.

On September 18, 1947, an order was made directing that the issues arising from such counterclaim be tried by jury (*Sefranka* v. *Sefranka,* 190 Misc. 539). Such trial was had between the 15th and 19th of December, 1947, and resulted in a verdict for the defendant on all questions presented to the jury. At the end of the defendant's case and upon the conclusion of the whole case, plaintiff's motion to dismiss the counterclaim was denied by the trial justice who, however, reserved decision on her motion for a directed verdict. This motion was subsequently denied, as well as the motion to set the verdict aside. (*Sefranka* v. *Sefranka,* N. Y. L. J., March 15, 1948, p. 964, col. 5.) Under an order of this court, dated June 3, 1947, the plaintiff was granted temporary alimony in the sum of $75 per month, commencing June 5, 1947, and, in addition, the defendant was directed to pay the current rent and maintenance charges of a co-operative apartment as they became due, amounting to $93 per month.

The defendant now moves for an order dismissing plaintiff's action for a separation and vacating the alimony order of June 3, 1947, and for a judgment of annulment as prayed for in his counterclaim, " pursuant to and in accordance with the verdict of the jury and upon the findings of the jury on all of the framed issues." By cross motion the plaintiff moves for an order " staying the defendant from taking any affirmative steps in respect of the plaintiff's action for a separation herein or in respect of his counterclaim in such action until he shall have fully complied to date with said order of Mr. Justice HOOLEY dated June 3, 1947, by paying to the plaintff all current arrears due under said order ".

It is the position of the defendant that the verdict of the jury was mandatory and was effective when it was rendered on December 19, 1947, and, therefore, from that date on he was under no obligation to continue the payment of alimony *pendente lite* which was fully paid up to the date of trial. The plaintiff, on the other hand, contends that the jury's verdict was merely advisory and not binding on Special Term, which should review the evidence and the law applicable thereto and either affirm or disaffirm such verdict; that if the court accepts it and is satisfied with the other proof in the case that may be offered by the defendant, it can make findings and upon such findings, as well as the jury's verdict, the defendant may in due course enter an interlocutory judgment, which will not become final until at least ninety days after its entry.

Section 1142 of the Civil Practice Act provides, in part, that in an action to annul a marriage, except where it is founded upon an allegation of the physical incapacity of one of the parties thereto, the court *must,* upon the application of either party, make an order directing the trial, by a jury, of all the issues of fact. Such a jury trial was held by the Appellate Division, Second Department, to be " a matter of right " and the jury's verdict conclusive. (*Jackson* v. *Jackson,* 255 App. Div. 812.) Though conclusive, the verdict of the jury does not *ipso facto* constitute the declaration of nullity by a court of competent jurisdiction contemplated by section 7 of the Domestic Relations Law. There must be a judicial decree to that effect. (*Matter of Fingerlin,* 167 Misc. 770, 773.) Concededly, no such decree exists here. (Cf. *Saunders* v. *Saunders,* 63 N. Y. S. 2d 880.) Moreover, such decree must be interlocutory where, as here, the party seeking the annulment is successful. (9 Carmody on New York Pleading and Practice, § 85.) In *Matter of Foster* v. *American Radiator Co.* (249 App. Div. 460, 463) it was held that the interlocutory decree does not annul the marriage, that result being accomplished when the final judgment is entered, and that sections 1175 and 1176 of the Civil Practice Act apply alike to decrees of divorce and of annulment.

Accordingly, the order of this court, dated June 3, 1947, providing for the payment of temporary alimony to the plaintiff was in no way affected by the verdict of the jury on framed issues, notwithstanding that such verdict is conclusive upon this court. Inasmuch as the framed issues upon which the jury rendered its verdict embrace all elements of an action to annul a marriage on the ground of fraud, and no affirmative defense was asserted in the plaintiff's reply and no facts presented herein which would justify the denial of the annulment on equitable grounds, this court is of the opinion that the defendant should have judgment dismissing the complaint of the plaintiff and an interlocutory judgment of annulment, without being compelled to make a new application because he has failed to pay temporary alimony since the action was tried. (Rules Civ. Prac., rule 194.) The plaintiff will have adequate relief if her motion is granted to the extent of staying the submission of the findings and judgment and the entry thereof, until the arrears of alimony have been paid. Settle orders on notice.