**Julia Ann CRAUN, Appellant,**

v.

**Donald Lee CRAUN, Appellee.**

No. 2674.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 9, 1961.

Decided March 30, 1961.

Earl H. Davis, Washington, D. C., for
appellant.

Melvin Hirshman, Washington, D. C.,
entered an appearance for appellee but filed
no brief.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code §
11-776(b).

QUINN, Associate Judge.

This action was brought by appellant for
the annulment of her marriage on the
ground of fraud. The alleged fraud consisted of misrepresentations on the husband's part that he was employed and had a
furnished apartment in which they could
reside after marriage, and his concealment
of a criminal record. The husband filed a
noncommital answer. He did not appear at
trial but was represented by counsel. At
the conclusion of appellant's evidence the
trial judge dismissed the complaint, and
this appeal followed.

The only evidence on the issue of fraud
was supplied by appellant. She testified
that she had been previously married to one
Elkins; that two children were born to the
union who now live with their paternal
grandmother in West Virginia; that after
four years of marriage she obtained a divorce in 1957; that she came to the District
on September 1, 1958, to live with her
parents; that two weeks later she casually
met appellant in a restaurant and thereafter
saw him on the average of twice a week for
approximately two months. On November
3, 1958, she married appellee under the following circumstances. Appellant left her
work at ten o'clock that evening, was met
by appellee and another couple named
Smith, and the party drove to Forestville,
Maryland, where a double wedding ceremony was performed. On returning to the
District that night appellee informed her
that he was not employed and had no place
for them to live, but suggested that they
reside with the Smiths and two other
couples who were not married. Appellant
testified that she refused this proposal and
returned to her parents' home.

■ Appellant's principal contention is that the court erred in not finding that fraud was established. Fraud necessary to justify an annulment must be of such character as to go to the very foundation of marriage. Behr v. Behr, 1943, 181 Md. 422, 30 A.2d 750. We do not think the evidence presented in this case meets this test.

■ According to the record, appellant divorced her first husband for nonsupport after four years of marriage which produced two children, yet she contracted a second marriage less than a year later hastily and with little circumspection. Although she was living with her parents she never saw fit to introduce them to appellee or to tell them of her intention to marry him. She met appellee quite casually in a restaurant and thereafter dated him for approximately two months, at the end of which time she married him late one evening. Prior to the ceremony, appellee assured her he had a job and a suitable place for them to live and she accepted these assurances. She now maintains that had she known the truth, she would have refused to marry him but she made no effort to ascertain the truth. It is apparent that appellant did not learn from her previous marital mistake. In the light of her past experience, appellant could have demonstrated reasonable caution and investigated appellee's background. This could have been done very easily. As for appellee's criminal record, which consisted of six disorderly charges and one conviction for petit larceny for which he served thirty days in 1955, he was under no obligation to disclose it.[1]

A careful review of the stenographic transcript indicates that one of two different conclusions might reasonably have been drawn from the evidence. We fail to find anything to indicate that the trial judge's conclusion was erroneous as a matter of law.

Affirmed.

CAYTON, Chief Judge, retired (dissenting).

It seems to me that there has been too much emphasis by the trial court (and by this court as well) on extraneous matters such as plaintiff's former marriage and her earlier divorce obtained on the ground of nonsupport. It also seems to me that the trial court indulged in some gratuitous moralizing in arriving at its decision. I think it was of no great significance that this 28-year-old woman did not seek the approval of her parents before marrying defendant. And I think there is nothing persuasive in a legal way in the statement that she "blindly took him for better or for worse." Of much greater significance is the unchallenged showing that in two respects defendant deliberately perpetrated fraud in inducing plaintiff to marry him. He told her he had a job when in fact he had been out of work for a long time. He told her he had an apartment already furnished in which they could live when in fact he had no such thing, but only a place they would have had to share with two unmarried couples. Additionally he said nothing about his criminal record, and this, while not heinous, was not a trifling matter. In these circumstances I think it was unrealistic to deny relief to this plaintiff on the ground "that the public has a direct interest in [the marriage] as an institution of transcendent importance to social welfare." It was even more unrealistic to deny relief because plaintiff did not launch a premarital investigation of her husband's financial status and criminal record. Nor is there much appeal in the trial court's suggestion of the much less savory remedy of a suit for divorce on the ground of adultery. I would reverse.

1. Savini v. Savini, Fla.1952, 58 So.2d 193; Trefry v. Trefry, 1947, 189 Misc. 1013, 76 N.Y.S.2d 323. See also Houlahan v. Horzepa, 1957, 46 N.J.Super. 583, 135 A.2d 232; Baxter v. Baxter, 1957, 11 Misc.2d 69, 169 N.Y.S.2d 871.